**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Luis GONZALEZ, Defendant—
Appellant.**

No. 99–5321.

United States Court of Appeals,
Sixth Circuit.

March 29, 2001.

Before BATCHELDER, COLE, and GIBSON,* Circuit Judges.

PER CURIAM.

Luis Gonzalez appeals the sentence imposed upon him following his plea of guilty to conspiracy to distribute marijuana in violation of 21 U.S.C. § 846 and to intimidation of a witness in violation of 18 U.S.C.

* The Honorable John R. Gibson, Senior Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

§ 1512(b)(3). The district court sentenced him to a term of seventy-five months followed by five years of supervised release. Gonzalez argues that the district court erred in denying an additional one-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b)(2) and in finding that he did not meet the criteria set forth in U.S.S.G. § 5C1.2, which would have enabled him to receive a two-level safety valve reduction. We affirm.

Gonzalez worked as a truck driver for a trucking company located outside of Chattanooga. Tennessee. Gonzalez approached Anthony Shockley, who also worked for the trucking company, about distributing marijuana. Shockley in turn spoke with Terrell Holbrook, a Chattanooga marijuana dealer, about whether he was interested in a source for marijuana. Gonzalez used his trucking route to bring in the marijuana and distributed the shipments to Shockley and David Puryear, another employee of the trucking company who roomed with Shockley. Shockley and Puryear split the shipments evenly, and Shockley passed his half along to Holbrook.

Holbrook was investigated by undercover agents of the local police department. Pursuant to a search warrant, the officers seized twenty-three pounds of marijuana, $18,000 in cash, scales, and drug records from Holbrook's residence. Holbrook was arrested and agreed to cooperate with law enforcement. Officers equipped him with a recording device and released him on bail. He then went to see Puryear and Shockley. The two questioned him repeatedly about what the authorities knew, told him not to tell the police anything, and warned him that "people are knocked off" when dealing with Gonzalez. Shortly thereafter, officers arrested Shockley and Puryear.

After the arrests, Gonzalez learned that he was a possible target of the investigation. On February 20, 1996, he approached a truck driver at a motel in California and offered to pay him if he could have Holbrook killed. The driver informed officials at the trucking company, who notified the police.

Gonzalez, Puryear, and Shockley were indicted on federal charges and were scheduled for trial on October 20, 1998. Puryear entered a plea agreement with the government on October 19, 1998, and Shockley, who was unaware that Puryear had decided to plead guilty, notified the government of his intention to plead guilty later that afternoon. Gonzalez advised the government that he would plead guilty the morning of trial. All three entered guilty pleas that day.

At sentencing, the district court awarded each of the three defendants a two-level reduction for acceptance of responsibility. The court gave Puryear and Shockley an additional one-level reduction under U.S.S.G. § 3E1.1(b), which is available to defendants who timely provide complete information to the government concerning their involvement in the offense or· who timely notify authorities of their intention to plead guilty thereby sparing the government from preparing for trial and allowing the court to allocate its resources efficiently. The court declined to give Gonzalez the additional level, finding that Gonzalez's delay in notifying the government that he intended to plead guilty resulted in the government and the court expending resources to prepare for trial. The court further found that Gonzalez did not meet the criteria under U.S.S.G. § 5C1.2 because he had used credible threats of violence during the commission of the offense.

■ We review for clear error the district court's factual finding that Gonzalez did not qualify for an additional one-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b)(2). *See United States v. Bashara*, 27 F.3d 1174, 1184–85

(6th Cir.1994). In *Bashara*, we held that a district court did not clearly err in finding that a defendant did not meet the requirements when he entered a guilty plea five days before trial. *Id.* Here, Gonzalez waited much longer to notify the government of his intention to plead guilty, and the district court's finding is not clearly erroneous.

We are not persuaded by Gonzalez's argument that he must have met the timeliness requirements of U.S.S.G. § 3E1.1(b)(2) because Shockley and Puryear were awarded the additional one-level reduction. Unlike Gonzalez, both Puryear and Shockley discussed their intentions to plead guilty with the government before the date set for trial. Accordingly, the district court's findings with respect to Shockley and Puryear are not inherently inconsistent with its finding with respect to Gonzalez.

The court's determination whether Gonzalez met the criteria for U.S.S.G. § 5C1.2 is another factual finding that we review for clear error. *See United States v. Adu,* 82 F.3d 119, 124 (6th Cir.1996). Gonzalez bore the burden of proving by a preponderance of the evidence that he was entitled to the reduction. *Id.* at 123. Gonzalez pleaded guilty to intimidating a witness in violation of 18 U.S.C. § 1512(b)(3), and he admitted that he solicited the murder of a cooperating witness. He did not rebut evidence the government presented showing that Shockley and Puryear believed Gonzalez would kill Holbrook if Holbrook cooperated. We can discern no error in the district court's conclusion that Gonzalez fell short of proving that he did not use credible threats of violence and was therefore ineligible for the two-level reduction.

The judgment of the district court is affirmed.