*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 11a0158p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

UNITED STATES OF AMERICA,
                        *Plaintiff-Appellee,*

            *v.*                                    No. 09-2148

ALAN MACKETY,
                        *Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 09-00092-001—Robert J. Jonker, District Judge.

Argued: April 27, 2011

Decided and Filed: June 17, 2011

Before: GIBBONS and WHITE, Circuit Judges; OLIVER, Chief District Judge[*].

_____

## COUNSEL

**ARGUED:** Paul L. Nelson, FEDERAL PUBLIC DEFENDER'S OFFICE, Grand Rapids, Michigan, for Appellant. Jeff J. Davis, ASSISTANT UNITED STATES ATTORNEY, Grand Rapids, Michigan, for Appellee. **ON BRIEF:** Paul L. Nelson, FEDERAL PUBLIC DEFENDER'S OFFICE, Grand Rapids, Michigan, for Appellant. Jeff J. Davis, ASSISTANT UNITED STATES ATTORNEY, Grand Rapids, Michigan, for Appellee.

_____

## OPINION

_____

   HELENE N. WHITE, Circuit Judge. Defendant Alan Mackety challenges his 300-month sentence as procedurally and substantively unreasonable. We conclude that

_____

   [*] The Honorable Solomon Oliver, Jr., Chief United States District Judge for the Northern District of Ohio, sitting by designation.

1

the district court's blanket policy concerning the one-level point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b) affected the calculation of the Guidelines range and usurped the Government's discretion to move for a reduction under § 3E1.1(b), rendering Mackety's sentence procedurally unreasonable. Accordingly, we **VACATE** the sentence and **REMAND** for resentencing.

## I.

Mackety was charged by a ten-count indictment with seven counts of sexual abuse, 18 U.S.C. § 2242(1),[1] and three counts of abusive sexual contact, 18 U.S.C. § 2244(a)(2), involving his minor step-daughter. Mackety pleaded guilty to three counts of sexual abuse pursuant to a written plea agreement under which the Government agreed to dismiss the remaining seven counts of the indictment.

In the plea agreement, the parties stipulated to the following facts:

> Between September of 2008, and November 22, 2008, the Defendant, who was a duly enrolled member of the Nottawaseppi Huron Band of Potawatomi Indians at the time, lived at [address] . . . which is on lands held in trust by the United States for the use and occupancy of the Nottawaseppi Huron Band of Potawatomi Indians.[2] On one occasion during this time period, the Defendant took M.B. into his bedroom and took his clothes off, then proceeded to take her clothes off and performed the following sexual acts: [] placed his mouth in . . . M.B.'s vulva; [] had M.B. place her mouth on his penis; and [] penetrated M.B.'s vagina with his penis. Prior to this, the Defendant had threatened M.B. that if she told anyone about the sexual assaults, she would be taken away from her mother, and she and her stepbrother would then be placed in foster care. M.B. was thirteen years of age at the time of the incident.

---

[1]Section 2242 prohibits sexual abuse on federal property, providing in pertinent part:

Whoever, in the . . . territorial jurisdiction of the United States . . . knowingly –

> (1) causes another person to engage in a sexual act by threatening or placing that other person in fear (other than by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping) . . .

or attempts to do so, shall be fined under this title and imprisoned for any term of years or for life.

[2]The Reservation on which Mackety lived became federal trust land as of July 8, 2008.

> In February of 2009, during a phone call to his wife, the Defendant
> admitted to sexually assaulting M.B.

The Government agreed in the plea agreement not to oppose Mackety's request for a
two-level reduction for acceptance of responsibility, U.S.S.G. § 3E1.1(a).

The Presentence report ("PSR") "reservedly recommend[ed]" that Mackety
receive a two-level reduction for acceptance of responsibility under § 3E1.1(a),
calculated a Guidelines range of 188 to 235 months, and recommended concurrent 235-
month sentences for each of the three counts.

After Mackety filed his sentencing memorandum but before the Government
filed its memorandum, the district court filed a Notice of Possible Sentencing Issues,
advising that it would consider 1) "whether any credit for acceptance of responsibility
is appropriate in this case," 2) "whether the nature and circumstances of the offense
warrant an upward variance," and 3) "whether the apparently limited rehabilitative
potential for [Mackety] warrants an upward variance."

Consistent with the PSR, the Government's sentencing memorandum requested
that the court sentence Mackety at the high end of the Guidelines range – to 235 months
if he received the two-level reduction for acceptance of responsibility.    The
Government's sentencing memorandum stated that "the United States does not believe
an upward variance in this case should be imposed."

The district court granted a two-level reduction for acceptance of responsibility
under § 3E1.1(a), departed upward by one criminal-history category under U.S.S.G.
§ 4A1.3, and also varied upward from the 188- to 235- month advisory Guidelines
range, imposing a 300-month sentence.

## II.  PROCEDURAL UNREASONABLENESS

"[A]ppellate review of sentencing decisions is limited to determining whether
they are 'reasonable'." *Gall v. United States*, 552 U.S. 38, 46 (2007).  Courts of appeals
must review all sentences, including those significantly outside the Guidelines range,
under a deferential abuse-of-discretion standard. *Id.* at 41; *United States v. Grossman*,

513 F.3d 592, 595 (6th Cir. 2008). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . ." *Gall*, 552 U.S. at 51. This court reviews the district court's legal interpretation of the Guidelines *de novo*, and its factual findings for clear error. *United States v. Brooks*, 628 F.3d 791, 796 (6th Cir. 2011).

**A**.

Section 3E1.1 of the November 1, 2008 edition of the Guidelines provided:

**§ 3E1.1  Acceptance of Responsibility**

(a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by **2** levels.

(b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level **16** or greater, *and upon motion by the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently,* decrease the offense level by **1** additional level.

. . . .

Commentary

Application Notes:
. . . .
6. [] *The timeliness of the defendant's acceptance of responsibility is a consideration under both subsections, and is context specific.* In general, the conduct qualifying for a decrease in offense level under subsection (b) will occur particularly early in the case. For example, to qualify under subsection (b), the defendant must have notified authorities of his intention to enter a plea of guilty at a sufficiently early point in the process so that the government may avoid preparing for trial and the court may schedule its calendar efficiently.

   *Because the Government is in the best position to determine whether the defendant has assisted authorities in a manner that avoids*

*preparing for trial, an adjustment under subsection (b) may only be granted upon a formal motion by the Government at the time of sentencing. . . . .*

*. . . .*

Section 401(g) of Public Law 108–21 directly amended subsection (b), Application Note 6 (including adding the last paragraph of that application note), and the Background Commentary, effective April 30, 2003.

U.S. Sentencing Guidelines Manual § 3E1.1 & cmt. n.6 (2008) (some emphasis added).

**B.**

Mackety challenges the denial of the additional one-level reduction for acceptance of responsibility under § 3E1.1(b) as procedurally unreasonable.  Had Mackety received this reduction, the Guidelines range would have dropped from 188 to 235 months to 168 to 210 months (total offense level 35 and criminal-history category I).[3]  Mackety's claim is rooted in the district court's written policy, set forth in its April 28, 2009, Order Setting Final Pretrial and Trial dates:

A defendant who waits until the time set for the final pretrial conference to plead guilty may not receive the one-level reduction in offense level described in U.S.S.G. § 3E1.1(b), even if the government is prepared to move for it.[4]

Mackety argues that this policy usurps the discretion given to the Government by Congress and violates the fundamental policy favoring individualized consideration of each defendant.  He argues that, under the circumstances of this case, he was deprived of a properly-calculated advisory Guidelines range because the Government interpreted the district court's policy as a categorical denial of a § 3E1.1(b) reduction for acceptance of responsibility and thus did not move for it.

We conclude that the district court's policy resulted in a failure to properly apply the Guidelines and thus resulted in procedural error.

---

[3] www.ussc.gov/Guidelines/2008_guidelines/Manual/GL2008.pdf, Sentencing Table, Ch. 5 Pt. A.

[4] R. 19 at 2, Order Setting Final Pretrial and Trial, 4/28/09.

**C.**

We reject the Government's argument that the district court's policy is consistent with controlling case law. In support, the Government cites only cases that preceded the 2003 amendment of § 3E1.1(b). The 2003 amendment specified that a § 3E1.1(b) reduction for acceptance of responsibility must be in response to a motion by the government. *See, e.g., United States v. Deberry*, 576 F.3d 708, 710 (7th Cir. 2009) (noting that the 2003 amendment "turned subsection (b) into a license for prosecutorial discretion"). In the Government's cited cases, this court upheld denials of the § 3E1.1(b) reduction because the defendants waited to notify the government of their intent to plead guilty until days before trial or pleaded guilty on the eve of trial. *United States v. Bashara*, 27 F.3d 1174, 1184-85 (6th Cir. 1994), *superseded by statute on other grounds as stated in United States v. Caseslorente*, 220 F.3d 727 (6th Cir. 2000) (guilty plea entered five days before trial); *United States v. Smith*, 245 F.3d 538, 547 (6th Cir. 2001) (defendant notified government of intent to plead guilty on evening before trial); *United States v. Gonzalez*, 7 F. App'x 529, 530 (6th Cir. 2001) (unpublished disposition) (defendant notified government he would plead guilty on morning of trial); *United States v. McGruder*, 168 F.3d 490 (6th Cir. 1998) (table disposition) (guilty plea entered four days before trial); *United States v. Thomas*, 124 F.3d 201 (6th Cir. 1997) (table disposition) (guilty plea entered on day of trial). Additionally, none of these cases involved a blanket order or policy. Rather, in each case, the decision not to grant the additional one-level reduction was based on the facts of the specific case.

We further reject the Government's argument that any error is harmless because the Government would not have moved for the § 3E1.1(b) reduction in any event. The record supports the argument that the district court's policy influenced the Government not to move for a § 3E1.1(b) reduction and, in doing so, usurped the Government's discretion to move for the § 3E1.1(b) reduction. At the May 26, 2009, change-of-plea hearing, the Government stated that it had not addressed the § 3E1.1(b) reduction in the Plea Agreement *because of the district court's rule* and that it would not oppose a third-

level reduction.[5]  A similar understanding of the district court's policy also affected the

Probation Officer's calculation of the advisory Guidelines range.  Specifically, the PSR

did not recommend a § 3E1.1(b) reduction because Mackety's plea was "untimely"

*under the district court's policy*:

> 88.     [Mr. Mackety entered his guilty plea on the day scheduled for the final pretrial conference.  Notes taken at the change of plea hearing suggest the Assistant U.S. Attorney will not object to the additional one-level reduction.  However, in U.S. District Judge Robert J. Jonker's Order Setting Final Pretrial and Trial dated April 28, 2009, the Court advised the parties a defendant who waits until the time set for the final pretrial conference to plead guilty may not receive the one-level reduction in offense level described in U.S.S.G. § 3E1.1(b), *even if the government is prepared to move for it.  Therefore, the guilty plea is not considered timely.*  Pursuant to U.S.S.G. § 3E1.1(b), the offense level has not been reduced.

The PSR addendum addressed Mackety's objection to the PSR's failure to recommend

the additional one-level reduction and reiterated that the district court's policy precluded

it:

---

[5]The following exchange took place between the district court and Government counsel during the change-of-plea hearing:

> THE COURT:  Okay.  Is the government's position that the plea is too late for the government to move for the third point?

> MR. DAVIS:  Your Honor, this is sort of a strange case because of the defense attorney's loss of a nephew during this process, things were sort of delayed on – within [*sic?*] our control.

> With that said, we didn't put information regarding the third point because of the Court's – this Court's rule on --

> THE COURT:  All right.

> MR. DAVIS:  – a defendant pleading guilty, but we wouldn't oppose that.

> THE COURT:  All right.  So we can deal with that at the time of sentencing --

> MR. DAVIS:  Yes, Your Honor.

> THE COURT:  – but it's in deference to the final pretrial time.  And I appreciate that and the background as well.

> **OBJECTION**
> **Paragraph No. 88 (by inference paragraph numbers 89, 91, and 142)**
> The defendant objects to the probation officer's failure to recommended [*sic*] the additional one level reduction for timely accepting responsibility for his involvement in the offense. Defense counsel argues the defendant did not plead guilty prior to the Final Pretrial Conference because defense counsel was unavailable due to the untimely death of defense counsel's nephew.
>
> **RESPONSE**
> On April 28, 2009, the Court advised the parties a defendant who waits to plead guilty until the time set for the final pretrial conference may not receive the one-level reduction in offense level described in U.S.S.G. § 3E1.1(b), even if the government is prepared to move for it.

Finally, the Government's sentencing memorandum stated it would not move for an additional one-level reduction for acceptance of responsibility because of the district court's policy and the plea agreement:

> The United States, consistent with the executed plea agreement in this matter, and this Court's scheduling order, will not move for an additional 1 point as contemplated by USSG § 3E1.1(b). *See* ¶ 88.

Thus, it was the understanding of the Government and Probation Officer that the policy language "may not receive" meant that a defendant is not permitted to receive the additional one-level reduction.

At sentencing, after discussion of the timing of defense counsel's nephew's death and the impact of her consequent absence on the timing of Mackety's guilty plea, the Government advised that it would not move for the § 3E1.1(b) reduction. Thereafter, the district court stated it was not granting the third-point reduction "Because I can't. It's not before me on a government motion." The court went on to explain that even if the Government had filed such a motion, it would not grant it.

The court's remarks at sentencing suggest that its policy was not mandatory, but it is clear that both the Government and the Probation Officer believed (at least up to the time of the sentencing hearing) that the policy was mandatory, i.e., that the district court would not grant any motion for an additional one-point reduction for any defendant who

did not plead before the final pretrial conference. The Government is correct that it stated *at sentencing* that it would not move for the § 3E1.1(b) reduction, but its statement followed an extensive discussion regarding whether Mackety's plea was entered before the final pretrial conference – a condition the district court set forth in its standing order, which as implemented, contravenes § 3E1.1(b).

In sum, the Government's prerogative and discretion to move for the § 3E1.1(b) reduction was affected throughout the proceedings by the district court's policy, a policy that contravenes the Congressional finding expressly stated in § 3E1.1(b) that "the Government is in the best position to determine whether the defendant has assisted authorities in a manner that avoids preparing for trial." This Guidelines commentary was mandated by Congress in the Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today Act ("PROTECT Act"). U.S.S.G. § 3E1.1 & cmt. n.6 (2008) (quoting § 401(g)(2)(B) of Public Law 108-21 []); *United States v. Smith*, 429 F.3d 620, 628 (6th Cir. 2005) ("Congress made clear its purpose in amending § 3E1.1(b) [a change effected by the PROTECT Act, effective April 30, 2003,] to require a government motion: The government is in the best position to know whether it has conserved resources.") Because the record supports that the district court's policy had the effect of usurping the Government's discretion in deciding whether to move for a third-point reduction and affected the calculation of the Guidelines range, we must remand for resentencing.

**D.**

At argument, counsel advised that the policy at issue here is commonplace in the Western District of Michigan, and often set forth in standing orders, although not in the Local Rules, www.miwd.uscourts.gov/rules_opinions.htm. A second Western District of Michigan judge has posted on that court's website a similar policy:

> This Court cannot allocate its resources efficiently if it must open court for a final pretrial conference. Therefore, if court is opened for a final pretrial conference, even if a defendant pleads guilty at the time set for the final pretrial conference, the defendant *will not* receive the one-level reduction in offense level described in U.S.S.G. § 3E1.1(b). . . .

We take this opportunity to advise that such policies should be discontinued immediately because they are inconsistent with Congress' intent that the Government make the decision whether to move for the additional one-level reduction under § 3E1.1(b).

**E.**

Assuming, arguendo, that the district court had the authority to deny a § 3E1.1(b) motion,[6] we agree with Mackety that the court's alternative ground for denying the reduction was not independently sufficient to warrant the denial. At sentencing, the district court stated that Mackety's delay in pleading guilty prompted the Government

---

[6]Authority on this issue is sparse – the only circuit court case cited that remarks on whether, following the 2003 amendment, sentencing courts have the discretion to deny a Government § 3E1.1(b) motion, *Deberry*, 576 F.3d 708, answers the question in the negative. The Seventh Circuit noted in *Deberry*:

> Subsection (b) confers an entitlement on the *government*: if it wants to give the defendant additional credit for acceptance of responsibility, perhaps to induce additional cooperation, and can satisfy the criteria in the subsection, it can file a motion and the defendant *will* get the additional one-level reduction in his offense level, though again this may not determine his actual sentence.
>
> Until subsection (b) was amended in 2003 to specify that the relief granted must be in response to a motion by the government, the defendant was entitled, just as subsection (a) entitles defendants, to relief if the criteria were met. *United States v. Townsend*, 73 F.3d 747, 755-56 (7th Cir. 1996). The amendment turned subsection (b) into a license for prosecutorial discretion. A duty was converted to a power . . . .
>
> [] [The government] may not base a refusal to file a motion under section 3E1.1(b) on an invidious ground, or (and here is where the government's discretion is less extensive than it is with regard to charging decisions) on a ground unrelated to a legitimate governmental objective. *Wade v. United States*, 504 U.S. 181, 185-86 [] (1992); *United States v. Richardson*, 558 F.3d 680, 682 (7th Cir. 2009) [].

*Deberry*, 576 F.3d at 710-11 (certain citations omitted). The only pertinent scholarly commentary our research yielded on the question is more equivocal. Federal Sentencing Law and Practice § 3E1.1, cmt. n.13, states in pertinent part:

> 13. Additional reduction (subsection (b)) after April 30, 2003 amendment. . . .
> . . . .
> Suppose the defendant qualifies for a decrease under subsection (a) . . . and the government moves for a reduction based on timely notification of intent to plead guilty *but the court disagrees that the notification of intent to plead guilty was timely. Does the court have discretion to reject the subsection (b) adjustment?* The revised wording of subsection (b) ("and upon motion of the government stating that the defendant . . . , decrease the offense level by one level,") suggests that the court does not have discretion to reject the adjustment, but the use of "may" rather than "shall" in revised application note 6 ("an adjustment under subsection (b) *may* only be granted upon a formal motion by the Government") (emphasis added) might be read as suggesting that the court retains discretion to reject the adjustment if it does not concur with the government's assessment of the timeliness of the defendant's action.

(Emphasis added.) We need not decide this issue because it is not squarely presented in this appeal.

to file motions in preparation for trial. The Government indeed did file several motions, but, as Mackety argues, at the time of his plea, the Government stated that it would not oppose his receiving the § 3E1.1(b) reduction and that it had not mentioned it in the plea agreement because of the district court's policy. When the Government so stated at the plea hearing, it had already expended the effort referred to by the district court. In sum, the district court's alternative rationale for denying the § 3E1.1(b) relied on grounds the Government apparently would not have raised itself and apparently did not believe warranted denial of the § 3E1.1(b) reduction.

## F.

Given our disposition, we need not address Mackety's argument that the district court's upward departure in his criminal-history category rendered his sentence procedurally unreasonable because the court failed to provide him notice of a potential departure. Nor do we consider Mackety's substantive unreasonableness claims. *United States v. Wilson*, 614 F.3d 219, 226 (6th Cir. 2010) (stating that "an appellate court is required to assess the substantive reasonableness of a sentence only if the sentence is procedurally sound") (citing *Gall*, 552 U.S. at 51).

For the reasons stated, we conclude that the district court's policy foreclosing a § 3E1.1(b) reduction for acceptance of responsibility clearly affected the calculation of the Guidelines range and usurped the Government's discretion, rendering Mackety's sentence procedurally unreasonable. We **VACATE** the sentence and **REMAND** for resentencing.