**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 12a0925n.06

Nos. 10-1725, 10-1727

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Aug 20, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | **ON APPEAL** FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| SOLOMON HAKEEM JOHNSON, | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | **O P I N I O N** |
| _____ | ) | |

**Before:  COLE and MERRITT, Circuit Judges, and VARLAN, District Judge.**[*]

**THOMAS A. VARLAN, District Judge.**  Resolving charges from various indictments globally, defendant-appellant Solomon Hakeem Johnson ("Johnson") pled guilty to charges of conspiracy to possess and possess with intent to distribute cocaine base, possession with intent to distribute an unspecified quantity of cocaine base, and two charges of armed robbery.  A separate indictment charging Johnson with a third count of bank robbery was dismissed without prejudice. After hearing argument on Johnson's objections to the Presentence Investigation Report ("PSR") at the sentencing hearing, the district court applied a two-level reduction for acceptance of responsibility under U.S. Sentencing Guidelines Manual ("U.S.S.G." or "Guidelines") § 3E1.1(a), but declined to apply the additional one-level decrease available under U.S.S.G. § 3E1.1(b). When calculating the offense level, the district court also applied the two-point enhancement for

_____

[*]The Honorable Thomas A. Varlan, United States District Judge for the Eastern District of Tennessee, sitting by designation.

obstruction of justice under U.S.S.G. § 3C1.1. The district court sentenced Johnson to a term of imprisonment of 240 months, to be followed by five years' supervised release. The court set restitution at $105,933.92, with a mandatory special assessment of $400.00.

On a consolidated appeal from the sentences imposed in his two armed robbery cases, Johnson argues that (1) the district court erred in declining to award a third one-level reduction pursuant to U.S.S.G. § 3E1.1(b), when it found that one of Johnson's guilty pleas was untimely; and (2) the district court erred when it applied a U.S.S.G. § 3C1.1 enhancement for obstruction of justice under the facts of the case because no statement made by Johnson affected the administration of justice. For the reasons explained herein, we affirm the judgment of the district court with regard to the obstruction of justice enhancement, and vacate and remand for resentencing with regard to the additional one-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b).

## I. BACKGROUND

Johnson's appeal involves three criminal cases against him, all brought in the Western District of Michigan. On February 5, 2009, a federal grand jury returned an indictment against Johnson and others, charging him in two counts with conspiring to possess with intent to distribute cocaine base (Case No. 1:09-CR-29). On April 16, 2009, the grand jury returned a six-count superseding indictment in the same case, charging Johnson and others in count one with conspiring to possess and distribute 50 grams or more of cocaine base, and alone in count five with distribution of an unspecified quantity of cocaine base. Also on April 16, 2009, a single-count indictment charging Johnson, Ronald Lavar Johnson ("Ronald Johnson"), and Keith Nickerson ("Nickerson")

2

with armed robbery of a bank was returned (Case No. 1:09-CR-123). On May 20, 2009, the grand jury returned a single-count indictment, charging Johnson and one other individual with another armed robbery of a bank (Case No. 1:09-CR-155). Finally, on October 8, 2009, Johnson, along with Ronald Johnson and Nickerson, was charged in a two-count indictment with a third armed robbery of a bank (count one), and conspiracy to obstruct justice and impede the prosecution in Case No. 1:09-CR-123 (count two), the other case charging the three co-defendants with armed robbery (Case No. 1:09-CR-311).

On September 16, 2009, Case No. 1:09-CR-123 was dismissed on motion from the government without prejudice.[1] In proceedings before the magistrate judge on November 5, 2009, Johnson pled guilty and admitted to the robberies charged in Case Nos. 1:09-CR-155 and 1:09-CR-311. At the same hearing, Johnson pled guilty to count five of the superseding indictment in Case No. 1:09-CR-29, which charged him with distribution of an unspecified quantity of cocaine base on a certain date. At the November 5, 2009 hearing, Johnson also attempted to enter guilty pleas to count two of the indictment in Case No. 1:09-CR-311, charging him with obstruction of justice, and count one of the superseding indictment in Case No. 1:09-CR-29, charging him with conspiracy to possess and possess with intent to distribute 50 grams or more of cocaine base. However, after questioning Johnson, the magistrate judge rejected his pleas to each of those counts. As to count one of the superseding indictment in Case No. 1:09-CR-29, the magistrate judge was not satisfied with

---

[1]The charge forming the basis for Case No. 1:09-CR-123 appears to have been the same armed robbery of a bank charged in count one of Case No. 1:09-CR-311, to which Johnson pled guilty on November 5, 2009.

the factual basis for the quantity of cocaine base required to satisfy the elements of the statute under which he was charged. Based on statements made by Johnson at the hearing, the magistrate judge likewise found an insufficient factual basis for his guilty plea to count two of Case No. 1:09-CR-311, the obstruction of justice charge.

The basis for the obstruction of justice charge, as indicated by the government at the plea hearing, was Johnson, Ronald Johnson, and Nickerson's alleged intimidation of Raymond Collins ("Collins") while the four were incarcerated together at Newaygo County Jail. After forming a belief that Collins was cooperating with the government, Johnson and his co-defendants allegedly went through his belongings and found confirmation for their belief. During this search, they also found the name, address, and a photograph of Collins's female friend, and Ronald Johnson allegedly drafted a threatening letter to her, which she provided to the Federal Bureau of Investigation ("FBI"). Afterward, the three defendants approached the corrections officers and informed them that for his safety, Collins should not remain in the cell with them. At the plea hearing, Johnson admitted to having rummaged through Collins's belongings and informing the guard that Collins should not be brought back "in order to avoid conflict." (Plea Hr'g 41). Johnson denied having any involvement in the drafting or having knowledge of the contents of the letter to Collins's female friend.

When the magistrate judge questioned Johnson about the facts of the bank robbery charged in count one of the indictment in Case No. 1:09-CR-311, to which he successfully pled guilty,

Johnson stated that he conspired to and committed the robbery with Duane Perry ("Perry"),[2] who was not charged in the indictment in that case, and a female driver. He further indicated that Perry had died prior to the November 5, 2009, hearing.

The district court entered a case management order instructing the parties to schedule any pleas to be entered at least one week prior to the final pretrial conference, and further advising that any defendant not entering a guilty plea *prior* to the specified date would not be eligible for a three-level reduction under U.S.S.G. § 3E1.1. The parties appeared for a scheduled final pretrial conference on November 23, 2009, and at that hearing, Johnson successfully entered a guilty plea to count one of the superseding indictment in Case No. 1:09-CR-29, charging him with conspiracy to possess and possess with intent to distribute 50 grams or more of cocaine base.[3]

Utilizing the Guidelines, the PSR consolidated all three cases in which he pled guilty and recommended that Johnson's adjusted offense level was 32, with an accompanying criminal history category of VI. The PSR included no reduction for acceptance of responsibility but did include a two-level increase in offense level as an adjustment for obstruction of justice pursuant to U.S.S.G. § 3C1.1, basing this recommendation on Johnson's representations that his deceased cousin, Perry, committed one of the charged robberies with him. The PSR indicated that Nickerson informed law

---

[2]Perry's first name is spelled several different ways throughout the record, including "Dwain" and "Duane."

[3]After Johnson entered a guilty plea to count one in Case No. 1:09-CR-29, the only remaining charge set for trial was count two of 1:09-CR-311, the conspiracy to obstruct justice charge. The government moved to dismiss that charge on December 28, 2009, and the district court ordered the dismissal on December 29, 2009.

enforcement that Johnson conspired with Ronald Johnson and Nickerson for Johnson to take the blame for the robbery and to implicate Perry, as he was already deceased and had a stature similar to Ronald Johnson's. During his interview with the probation officer, Johnson continued to claim, as he did at the plea hearing on November 5, 2009, that he committed the armed robbery charged in 1:09-CR-311 with Perry alone and that Ronald Johnson and Nickerson were not involved, despite his learning that the other two each pled guilty to the robbery charge. After adding multiple-count adjustments pursuant to U.S.S.G. § 3D1.4, according to the PSR, the appropriate offense level was 35, which together with a criminal history category of VI, yielded an advisory Guidelines range of 292 to 365 months' imprisonment.

In relevant part to this appeal, prior to his sentencing hearing, Johnson objected to the PSR's non-application of a three-level reduction for acceptance of responsibility, claiming that he entered timely guilty pleas in all cases and that he was honest in revealing all facts known to him. Johnson also objected to the recommended two-level enhancement for obstruction of justice because he maintained that he committed the robbery with Perry and was honest in reporting as such, and because he properly admitted his personal involvement in the robbery in question. At the sentencing hearing on May 20, 2010, the government agreed with the recommended Guidelines range and other findings in the PSR.[4]

---

[4]Johnson did not enter into plea agreements in any of his cases.

Prior to announcing the sentence imposed, the district court heard argument on Johnson's

objections to the PSR.[5] Addressing the objection related to acceptance of responsibility, Johnson's

counsel asserted that from the beginning of her representation of him, "it was never about whether

or not he was actually guilty of the crime" and that she always knew that Johnson intended to plead

guilty. (Sent. Hr'g 9). Johnson's counsel addressed that as she understood the situation, what was

preventing him from obtaining the offense-level reduction for acceptance of responsibility was that

he told the court that he committed one of the armed robberies with Perry, rather than with his co-

defendants. Counsel contended that Johnson had always indicated to her that he committed the

robbery with Perry, and she proffered that Johnson had committed many robberies, as indicated in

the PSR. She also suggested that he may have been confused as to which specific robbery was

charged in count one of Case No. 1:09-CR-311. Counsel asserted that Johnson maintaining that he

committed the robbery with Perry did not benefit him in any way and did not change the fact that he

was personally accepting responsibility for the charged robberies. As to the obstruction of justice

enhancement, Johnson's counsel argued that it overlapped with the acceptance of responsibility issue

in that it related to Johnson's having stated under oath that he committed the robbery with Perry.

Counsel again asserted that Johnson maintained throughout all proceedings that he committed the

---

[5]In addition to the two objections pertinent to this appeal, the district court ruled that it would apply a one-to-one ratio of crack to powder cocaine, in essence granting Johnson's objection to the weight of the drugs. Additionally, the district court overruled Johnson's objection to his perceived double counting for restraint of the bank employee under U.S.S.G. § 2B3.1(b)(4)(B), as well as his objections to adjustments based on robbery involving a financial institution and the amount of money stolen during the robberies.

robbery with Perry, and she contended that his doing so did not obstruct justice because his assertions did not impede the investigation in any way.

The government responded that the PSR's recommendation that the acceptance of responsibility reduction not be granted was proper "because the guideline clearly says that if you don't truthfully admit the conduct or you falsely deny relevant conduct, then you are not entitled to acceptance of responsibility." (Sent. Hr'g 18). In bolstering this point, the government pointed to the fact that Johnson never admitted to Ronald Johnson and Nickerson's involvement in the robbery. The district judge challenged the claim that this counted as Johnson's relevant conduct under the Guidelines, stating:

> I abhor the fact that he committed perjury, in all likelihood; I mean there is just no question based on everything I have read, based on the fact that the other two men have entered guilty pleas. But for purposes of scoring this offense level, or this reduction, it really - - and maybe it's splitting hairs - - but he did truthfully admit his conduct. He did not in any way, as I understand it, and I, again, I have read the transcripts, the fact that he misrepresented, flat out lied under oath, which, you know, I think would have opened him up to a perjury charge, I don't see that as failing to accept responsibility. That's what this section of the guidelines is all about, I think.

(Sent. Hr'g 19). The government then discussed the letter writing to Collins's girlfriend intended to silence Collins, before clarifying that an acceptance of responsibility reduction should not be awarded because 1) Johnson lied about the others involved in the robbery, and 2) he engaged in obstruction of justice by participating in writing the letters to Collins's girlfriend and by lying to the court and to the probation officer preparing the PSR. Counsel for the government contended, "that's normally the general rule is you do not get acceptance of responsibility if you've engaged in obstruction of justice." Sent. Hr'g 23–23).

8

In announcing her rulings on Johnson's objections pertinent to this appeal, the district judge stated:

> First of all, with regard to the acceptance of responsibility and timely plea, I'm going to grant the objection raised by the defense because I believe, number one, that in a strict reading of 3E1.1, even if we look at the relevant conduct issue, I think the defendant is entitled to that reduction in offense level. And, number two, I think that - - I think it's clear that he is entitled to it. Okay.
>
> With regard to the obstruction of justice under 3C1.1, I think that's a very close call because of all of the factual underpinnings in this case. But I do think that the government makes its arguments very well; that there was this attempt not only to lie about the participation, the joint participation, but all of the other things that were going on around that. So I'm going to overrule and deny that objection.

(Sent. Hr'g 35).

When preparing to announce the adjusted Guidelines range and sentence imposed by the court, in reviewing the offense level reduction in light of the district judge's rulings on Johnson's objections, the probation officer present at the hearing asked the court whether she was granting Johnson a "two-level or a three-level decrease" for acceptance of responsibility. (Sent. Hr'g 43). At first the judge answered that the decrease was three offense levels, but she then stated, "Although I should maybe back up on that." (*Id.*). The court then inquired into the timeliness of the plea to the drug conspiracy charge from Case No. 1:09-CR-29, the one in which his plea was initially rejected on November 5, 2009. Counsel for the government pointed out that Johnson ended up pleading in front of the district judge at the pretrial conference on November 23, 2009, only one week before the trial date, which was set for December 1, 2009. The district judge determined that the plea to that charge was not timely, after considering the fact that the government had already moved witnesses

in custody to the area to testify and had filed its trial brief and proposed jury instructions at the time of the plea at the pretrial conference. The attorney for the government stated that once he had done such preparations in a case, he "typically would not ask for the additional point" under U.S.S.G. § 3E1.1(b). (Sent. Hr'g 44).

At that point, defense counsel argued that the government was aware that Johnson planned to enter a guilty plea to the charge in question and that he had indicated his intention to do so "early on." (*Id.* at 45). Defense counsel further asserted that she felt she had put the government "on notice that we were going to do everything in our power to come to some sort of a resolution on the drug case, in as timely a manner as possible[.]" (*Id.*). The clerk then pointed out to the judge that her Fifth Amended Case Management Order in the case stated that:

> This Court cannot allocate its resources efficiently if it must open court for a final pretrial conference. Therefore, if court is open for a final pretrial conference, even if a defendant pleads guilty at the time set for the final pretrial conference, the defendant will not receive the one-level reduction in offense level described in U.S.S.G. 3E1.1(b).

(*Id.* at 45–46). After hearing that, the court remarked that the quote from the case management order "pretty much forecloses the additional point [under U.S.S.G. 3E1.1(b)]." (*Id.* at 46).

The final adjusted total offense level determined by the court was 32, with a criminal history category of VI, rendering an advisory imprisonment range of 210 to 262 months of imprisonment, with three to five years of supervised release, a fine range of $17,500 to $5 million, which was waived, restitution of $105,993.92, and a mandatory special assessment of $400. The district court sentenced as follows:

10

So pursuant to the Sentencing Reform Act of 1984, as to docket number 1:09-CR-29, Count 1, the drug conspiracy, the mandatory minimum of ten years imprisonment is imposed.

As to docket number 1:09-CR-29, Count 5 the drug possession with intent to distribute, I think that's a fairly insignificant part of this case, and my sentence on that charge is 60 months.

As to docket number 1:09-CR-155, armed bank robbery, I think it's pretty clear that my thought is that this offense is a serious one and deserves serious punishment. And my sentence there is for 240 months imprisonment.

And, likewise, docket number 1:09-CR-311, the second armed robbery charge, 240 months imprisonment.

All of these sentences to run concurrently and to be followed by five years of supervised release subject to standard conditions or reporting and remaining law abiding.

(*Id.* at 62-63). This timely appeal followed.

## II. ANALYSIS

### A. Obstruction of Justice

We first address Johnson's argument that the district court erred in applying a two-level increase for obstruction of justice under U.S.S.G. § 3C1.1. When reviewing a district court's application of an obstruction of justice enhancement under U.S.S.G. § 3C1.1, "we employ a three-step process of review." *United States v. Roberts*, 243 F.3d 235, 237 (6th Cir. 2001) (citation omitted). The three steps are as follows:

First, this Court applies a clearly erroneous standard to the district court's findings of fact with respect to the enhancement. Second, a district court's determination of whether facts constitute obstruction of justice is a mixed question of law and fact that requires de novo review. Third, once there has been a finding that the defendant

> obstructed justice, application of the enhancement is mandatory, so review of the
> enhancement at that point is de novo.

*United States v. Vasquez*, 560 F.3d 461, 473 (6th Cir. 2009) (citations omitted). In light of *Buford v. United States*, 532 U.S. 59, 66 (2001), this Court also gives "due deference" to the district court's application of the Guidelines to the facts of the particular case. *Id.* at 473; *see also United States v. Cline*, 362 F.3d 343, 350 (6th Cir. 2004).

Johnson asserts that an attempt to obstruct justice requires specific intent and an overt act constituting a substantial step toward the commission of the obstruction. Johnson contends that no actual obstruction of justice occurred when he, Ronald Johnson, and Nickerson discussed the fact that Johnson would tell the FBI that he and his dead cousin committed the robbery charged in Case No. 1:09-CR-311 together. This assertion is based on Johnson's argument that the record contains no indication that law enforcement ever investigated or acted upon his claims at the plea hearing and during the presentence investigation for the PSR, that he had committed the robbery in question with his cousin, rather than with his co-defendants. The premise for this argument is that Johnson, Ronald Johnson, and Nickerson were all charged prior to Johnson's assertion at his plea hearing, and that Ronald Johnson and Nickerson had both already pled guilty at the time of his statements in preparation of the PSR. Johnson thus claims that the statements he made about his cousin's involvement or the lack of involvement of his co-defendants were moot and irrelevant to his co-defendants' cases, so the statements had no potential to obstruct justice. As Johnson proceeds under an assumption that his two-level enhancement under § 3C1.1 is based on his attempt to obstruct justice, he claims that any statements made cannot be considered such an attempt since it was

12

essentially impossible for him to impact law enforcement's case at the points at which they were made.

The government responds that the district court did not clearly err when it applied the two-level obstruction of justice increase because of the defendant's alleged involvement in the sending of threatening letters, and because of Johnson's false statements to the district court and to the probation officer that Perry, rather than his co-defendants, committed one of his charged robberies with him. The government asserts that false statements made to the court during guilty pleas may serve as the basis for increases under § 3C1.1 and that the district court's finding that Johnson lied under oath during his guilty plea rendered the enhancement proper.

A two-level enhancement for obstruction of justice is appropriate where "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction[.]" U.S. Sentencing Guidelines Manual § 3C1.1 (2008). Application Note 4 of § 3C1.1 contains a "non-exhaustive list" of the types of conduct to which the obstruction of justice enhancement applies. The application note instructs, in relevant part, that the enhancement is appropriate where the defendant has threatened or intimidated a co-defendant or witness, directly or indirectly, or attempted to do so, where the defendant has provided materially false information to a judge or magistrate judge, and where the defendant has provided materially false information to a probation officer related to a presentence report. U.S. Sentencing Guidelines Manual § 3C1.1 cmt.

13

n.4(a), (g), (h). The burden is on the government to prove obstruction of justice by a preponderance of the evidence. *United States v. Dunham*, 295 F.3d 605, 609 (6th Cir. 2002) (citations omitted).

In this case, in finding that the obstruction of justice enhancement applied, the district court found "that there was this attempt not only to lie about the participation, the joint participation, but all of the other things that were going on around that." (Sent. Hr'g 35). Earlier in the sentencing hearing, the court stated that Johnson "in all likelihood" "committed perjury" based on everything the judge had read about the case, including the fact that Ronald Johnson and Nickerson entered guilty pleas in the case in which they were charged with committing armed robbery with Johnson, and that Johnson "misrepresented, flat out lied under oath" about their involvement in the robbery. (*Id.* at 19).

Moreover, in mentioning "all of the other things that were going on around that," the district court was likely referring to the threatening letters written by Ronald Johnson, the drafting of which Johnson was present during and may have played a part in. However, we need not speculate in order to reach a decision here. That the district court found that Johnson attempted to lie about "the joint participation" is sufficient for an application of the obstruction of justice enhancement. This is particularly true in light of the fact that the statements made by Johnson about Perry's involvement in the robbery charged in Case No. 1:09-CR-311, which the district court found to be false, were made to both a judge under oath and to the probation officer preparing the PSR. *See* U.S. Sentencing Guidelines Manual § 3C1.1 cmt. n.4(g), (h).

The government was required to prove obstruction of justice by a preponderance of the evidence at the sentencing hearing, and the district court's finding that it met that burden is entitled to due deference. *See Buford*, 532 U.S. at 66; *Dunham*, 295 F.3d at 609. The district court's finding that Johnson lied under oath about the participation of his co-defendants was not clearly erroneous when reviewed in light of the fact that each of the co-defendants entered a guilty plea to that charge.

We therefore find that the district court did not err in applying the two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1.

**B. Acceptance of Responsibility**

We next turn to Johnson's argument that the district court erred in denying him a one-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b). The district court's decision to deny Johnson an additional one-level reduction for acceptance of responsibility is entitled to great deference on review. U.S. Sentencing Guidelines Manual § 3E1.1 cmt. n.5 (2008). The decision is reviewed for clear error. *United States v. Webb*, 335 F.3d 534, 537–38 (6th Cir. 2003). A district court's decision is clearly erroneous only if this court "is left with the definite and firm conviction that a mistake has been committed." *United States v. Boudreau*, 564 F.3d 431, 435 (6th Cir. 2009) (citations and quotation marks omitted).

Johnson challenges the denial of an additional one-level reduction for acceptance of responsibility for a lack of timeliness under § 3E1.1(b) because he entered timely guilty pleas in Case Nos. 1:09-CR-311 and 1:09-CR-155 and because all parties were aware that he intended to plead guilty to the charge remaining in Case No. 1:09-CR-29. In this regard, Johnson contends that the

district court committed legal error when it used its decision that his untimely plea made him ineligible for the additional § 3E1.1(b) reduction in Case No. 1:09-CR-29, to also deny him the additional point reduction in Case No. 1:09-CR-155, to which he timely pled. Johnson further argues that the government did not take a firm position on whether Johnson should have been entitled to an additional point reduction. Johnson contends that the district judge "decided the plea was not timely regardless of the government's position because it was not entered until the time of the final pretrial conference, finding the court's Case Management Order and the 'failing one fails them all premise' to be dispositive of the issue." (*Id.* at 22–23). The government counters that the fact that the government did not move for the third-level decrease, as required by the Guidelines, directs that the district court did not err when it declined to grant the additional reduction. The government further asserts that the district court provided the legitimate reason for denying Johnson the third-level reduction under § 3E1.1(b), that Johnson did not enter his guilty plea in Case No. 1:09-CR-29 "until after the deadline set by the district court for timely pleas, and the record demonstrates that the government was already engaging in trial preparation by the time of the defendant's guilty plea." (Appellee Br. 17).

Section 3E1.1 of the Guidelines provides for a possible reduction of three points for acceptance of responsibility. Section 3E1.1(a) allows the district court to reduce the offense level by two points if "the defendant clearly demonstrates acceptance of responsibility for his offense." U.S. Sentencing Guidelines Manual § 3E1.1(a). Section 3E1.1(b) allows for a reduction of one additional point:

16

> If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently[.]

U.S. Sentencing Guidelines Manual § 3E1.1 (b). Application Note 6 to § 3E1.1 instructs that the additional one-level reduction may be granted only upon a formal motion by the government at the time of sentencing "because the [g]overnment is in the best position to determine whether the defendant has assisted authorities in a manner that avoids preparing for trial." U.S. Sentencing Guidelines Manual § 3E.1.1, cmt. n.6 (2008); *see also United States v. Coleman*, 627 F.3d 205, 214 (6th Cir. 2010). The note further provides:

> The timeliness of the defendant's acceptance of responsibility is a consideration under both subsections, and is context specific. In general, the conduct qualifying for a decrease in offense level under subsection (b) will occur particularly early in the case. For example, to qualify under subsection (b), the defendant must have notified authorities of his intention to enter a plea of guilty at a sufficiently early point in the process so that the government may avoid preparing for trial and the court may schedule its calendar efficiently.

U.S. Sentencing Guidelines Manual § 3E.1.1 cmt. n.6 (2008).

In considering Johnson's argument with regard to acceptance of responsibility, we must consider the recent published Sixth Circuit panel decision in *United States v. Mackety*, 650 F.3d 621 (6th Cir. 2011), also originating in the Western District of Michigan. In *Mackety*, the defendant entered into a plea agreement, and the government agreed in the agreement that it would not oppose the defendant's request for a two-level reduction for acceptance of responsibility under U.S.S.G. §

17

3E1.1(a). *Mackety*, 650 F.3d at 622. Mackety entered his guilty plea on the day scheduled for the final pretrial conference.[6] *Id.* at 625. In determining the relevant advisory range under the Guidelines, the district court granted the requested two-level reduction for acceptance of responsibility. *Id.* at 623. The district court, in accordance with the policy from the district court's "Order Setting Final Pretrial and Trial dates," declined to grant Mackety the third-level reduction available under § 3E1.1(b). *Id.* at 624. The district court's policy mandated: "A defendant who waits until the time set for the final pretrial conference to plead guilty may not receive the one-level reduction in offense level described in U.S.S.G. § 3E1.1(b), even if the government is prepared to move for it." *Id.*

On appeal, Mackety argued that the district court's policy was inconsistent with the discretion Congress intended to give to the government under § 3E1.1(b) and that the government in his case had interpreted the policy "as a categorical denial of a § 3E1.1(b) reduction for acceptance of responsibility and thus did not move for it." *Id.* The panel rejected the government's argument that the policy was consistent with case law because the government relied on cases that were decided prior to the 2003 amendment to § 3E1.1(b), which specified that the third-level reduction under § 3E1.1(b) may only be granted on motion from the government. *Id.* at 626–25. The panel additionally rejected the government's argument that any error by the district court in implementing and relying on its policy in sentencing Mackety was harmless. *Id.* at 625. Despite the government's

---

[6]The *Mackety* opinion indicates that the late timing of the defendant's plea in that case was due to a death in his defense counsel's family. *Mackety*, 650 F.3d at 626.

contention on appeal that it would not have moved for the § 3E1.1(b) reduction even absent the district court's policy, the panel found that the policy "influenced the Government not to move for a § 3E1.1(b) reduction and, in doing so, usurped the Government's discretion to move for the § 3E1.1(b) reduction." *Id.*

At the sentencing hearing in *Mackety*, after discussion regarding the timing of the death in defense counsel's family and the timing of the guilty plea, the government advised the district court that it would not move for the § 3E1.1(b) reduction. *Id.* at 626. The district court then stated that it could not grant the third-level reduction because the government had not moved for it, but the court also went on to state that it would have denied the motion, had the government made one. *Id.* The panel determined that both the government and the probation officer believed the district court's policy that it would not grant a motion for a third-point reduction under § 3E1.1(b) if a defendant entered a plea at the pretrial conference, which "contravenes § 3E1.1(b)," was mandatory and that the court's policy affected the government's "prerogative and discretion to move for the § 3E1.1(b) reduction[.]" *Id.* Accordingly, the panel found that Mackety's sentence was procedurally unreasonable and remanded for resentencing.

The *Mackety* court also explained that counsel advised during argument that the district court policy denounced in *Mackety* is not uncommon in the Western District of Michigan. *Id.* at 627. The panel then provided an example policy of "[a] second Western District of Michigan judge," which

at the time was posted on that court's website.[7]  Although the court did not name the referenced

judge specifically, the policy quoted is the exact policy of the district judge, who sentenced Johnson

and which is at issue in the instant case.[8]  *See id.* at 627.  The panel advised: "We take this

opportunity to advise that such policies should be discontinued immediately because they are

inconsistent with Congress' intent that the Government make the decision whether to move for the

additional one-level reduction under § 3E1.1(b)."  *Id.*

As in *Mackety*, Johnson claims that the sentencing decision made by the sentencing judge

in this case was based in part on the fact that the guilty plea in one of his three cases was not entered

until the pretrial conference date, in violation of the district court's case management order.  Johnson

argues that the district court improperly found this to be dispositive of the issue.  In fact, at the

sentencing hearing, after being reminded of the language of her case management order, the district

court stated that it "pretty much foreclose[d] the additional point."  (Sent. Hr'g 46).  Additionally,

the government argues that one of the legitimate reasons for the district court's denial of the one-

level reduction was that the guilty plea was not entered "until after the deadline set by the district

---

[7]*See* www.miwd.uscourts.gov/rules_opinions.htm.  The standing orders referred to by the court in *Mackety* do not appear to remain on the Western District of Michigan's website.

[8]The case management order, which is quoted in *Mackety*, 650 F.3d at 627, and was recited at Johnson's sentencing hearing, provides:

> This Court cannot allocate its resources efficiently if it must open court for a final pretrial conference.  Therefore, if court is open for a final pretrial conference, even if a defendant pleads guilty at the time set for the final pretrial conference, the defendant will not receive the one-level reduction in offense level described in U.S.S.G. 3E1.1(b).

court for timely pleas." (Appellee Br. 17). All of these facts, combined with the panel's finding in

*Mackety* that case management directives exactly like the one utilized in this particular case deny the

government the discretion it is intended to wield under § 3E1.1(b), lead to our conclusion that

Johnson's case should be remanded for resentencing.

In light of the *Mackety* court's finding that blanket policies concerning the additional one-

level reduction for acceptance of responsibility available under U.S.S.G. § 3E1.1(b), like the one

utilized in this case, usurp the government's discretion to move for a reduction, and because we find

that the district court's policy affected the calculation of the Guidelines range in this case, we find

that Johnson's sentence was procedurally unreasonable with regard to acceptance of responsibility.

Accordingly, we **VACATE** the sentence as to the issue of the one-level reduction under U.S.S.G.

§ 3E1.1(b) only, and **REMAND** for resentencing in light of this ruling.

### III.  CONCLUSION

For the reasons explained herein, we **AFFIRM** the judgment of the district court with regard

to the obstruction of justice enhancement, and **VACATE** and **REMAND** for resentencing with

regard to the additional one-level reduction for acceptance of responsibility under U.S.S.G. §

3E1.1(b).