NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0279n.06

No. 21-1074

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

<table>
<tr><td>UNITED STATES OF AMERICA,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Plaintiff-Appellee,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td>ON APPEAL FROM THE UNITED</td></tr>
<tr><td>v.</td><td>)</td><td>STATES DISTRICT COURT FOR</td></tr>
<tr><td></td><td>)</td><td>THE WESTERN DISTRICT OF</td></tr>
<tr><td>ALAN ANDREW MACKETY,</td><td>)</td><td>MICHIGAN</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Defendant-Appellant.</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
</table>

**FILED**
Jun 08, 2021
DEBORAH S. HUNT, Clerk

BEFORE: GRIFFIN, WHITE, and READLER, Circuit Judges.

PER CURIAM. Alan Andrew Mackety, a federal prisoner proceeding through counsel, appeals the district court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). As set forth below, we **AFFIRM**.

In May 2009, Mackety pleaded guilty to three counts of sexual abuse on land held in trust by the United States, in violation of 18 U.S.C. § 2242(1). Those charges arose from Mackety's sexual abuse of his thirteen-year-old stepdaughter. Departing and varying upward from an advisory guidelines range of 188 to 235 months, the district court sentenced Mackety to 300 months of imprisonment. On appeal, we vacated Mackety's sentence as procedurally unreasonable and remanded for resentencing. *United States v. Mackety*, 650 F.3d 621, 627 (6th Cir. 2011). The district court recalculated the advisory guidelines range as 168 to 210 months and resentenced Mackety to 300 months of imprisonment. Mackety did not appeal his resentencing.

Mackety is currently 52-years old and imprisoned at Butner Low FCI with a projected release date of September 13, 2030. *See Find an Inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc (last visited Apr. 22, 2021). In December 2020, Mackety filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), asserting that the COVID-19 pandemic presents extraordinary and compelling reasons to reduce his sentence. The district court denied Mackety's motion on the grounds that nothing extraordinary or compelling justified a sentence reduction and that the sentencing factors under 18 U.S.C. § 3553(a) weighed against his early release.

This timely appeal followed. Mackety argues that the district court abused its discretion by failing to consider his current health conditions, his low risk of recidivism, his time served, and the severity of the COVID-19 pandemic.

We review a district court's denial of a sentence reduction under § 3582(c)(1)(A) for an abuse of discretion. *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020). "An abuse of discretion occurs when the district court 'relies on clearly erroneous findings of fact, uses an erroneous legal standard, or improperly applies the law.'" *United States v. Elias*, 984 F.3d 516, 520 (6th Cir. 2021) (quoting *United States v. Flowers*, 963 F.3d 492, 497 (6th Cir. 2020)).

Under § 3582(c)(1)(A), the compassionate-release statute, the district court may reduce a defendant's sentence if it finds (1) that "extraordinary and compelling reasons warrant such a reduction"; (2) that the "reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) that the § 3553(a) factors, to the extent that they apply, support the reduction. 18 U.S.C. § 3582(c)(1)(A); *see Ruffin*, 978 F.3d at 1004–05. "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Elias*, 984 F.3d at 519. We have held, however, that U.S.S.G. § 1B1.13 is not a policy statement applicable to defendant-filed motions under

§ 3582(c)(1)(A), and that when considering such a motion, the district court has "full discretion . . . to determine whether an 'extraordinary and compelling' reason justifies compassionate release." *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020); *see Elias*, 984 F.3d at 519–20.

The district court first found no extraordinary or compelling reasons to justify a sentence reduction, concluding that it was "not persuaded" that Mackety suffered "any unusual medical risk or vulnerability" from COVID-19. Mackety argues on appeal that the district court failed to consider his current health conditions, including Type 2 diabetes, hypertension, hyperlipidemia, and the aftereffects of his prior COVID-19 infection, which render him vulnerable to complications from the virus. Mackety also argues that the district court failed to consider the severity of the COVID-19 pandemic at Butner Low FCI, where seventeen inmates have died.

Mackety did not submit medical records with his motion, but it was undisputed that Mackety's medical records confirm diagnoses of Type 2 diabetes, hypertension, hyperlipidemia, and obesity, conclusions the district court seemingly accepted. The government likewise recognized that underlying conditions like Mackety's usually demonstrate extraordinary and compelling reasons. Nonetheless, the district court did not abuse its discretion in finding that Mackety failed to establish the requisite extraordinary and compelling reasons for release. The district court found there were no medical records and "nothing of record that suggests the BOP is unable to manage Defendant's particular medical needs even during the Covid-19 pandemic." Here, although Mackety's underlying medical conditions were undisputed, the absence of medical records made it impossible to determine important facts about those conditions, including their severity and whether they are being managed with medications. *Cf. United States v. Hood*, --- F. App'x ---, 2021 WL 1423617, at *2 (6th Cir. Apr. 15, 2021). And the government noted that Mackety had already contracted COVID-19 and apparently recovered without any complications.

Additionally, the district court observed that "[t]he COVID-19 pandemic creates challenges for all citizens, whether in custody or in the community," and noted that Butner Low FCI currently reported no positive inmates. Given the totality of the circumstances, including the absence of medical records, we cannot say that the district court abused its discretion in concluding that Mackety had not established the requisite extraordinary and compelling reasons. *See id.*; *Elias*, 984 F.3d at 520–21.

The district court went on to determine that the § 3553(a) factors weighed heavily against Mackety's early release. *See Ruffin*, 978 F.3d at 1008 ("We have repeatedly recognized that district courts may deny relief under the § 3553(a) factors even if 'extraordinary and compelling' reasons would otherwise justify relief."). When reviewing the district court's discretionary decision to deny a sentence reduction based on the § 3553(a) factors, we consider the entire sentencing record, "including the records from the original sentencing, records on the modification motion, and the final compassionate release decision." *Jones*, 980 F.3d at 1112; *see Elias*, 984 F.3d at 520; *Ruffin*, 978 F.3d at 1008. Overall, the record should reflect that the district court "considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority." *Ruffin*, 978 F.3d at 1008 (alterations in original) (quoting *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1967 (2018)).

Mackety argues on appeal that his above-guidelines sentence is greater than necessary to comply with § 3553(a)'s purposes and that he has already served an amount of time approaching the bottom of the applicable guidelines range. In denying his motion for a sentence reduction, the district court pointed out that Mackety "was sentenced above the guideline range to reflect the fact that he was engaged in long-term sexual misconduct." At both the original sentencing and the resentencing, the district court found that Mackety's sexual abuse of his stepdaughter, which went beyond the three counts of conviction and began when she was as young as five years old,

warranted a sentence above the guidelines range to reflect the seriousness of his offenses. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A); *see also United States v. Wright*, 991 F.3d 717, 719 (6th Cir. 2021) ("[D]istrict courts have wide latitude to deny compassionate release based on the seriousness of the underlying offense.").

Mackety also argues that the district court failed to consider his low risk of recidivism, asserting that he received a PATTERN score from the BOP indicating a minimum risk of recidivism and was placed in a low-security prison. In denying his motion for a sentence reduction, the district court reiterated its prior finding that Mackety posed a high recidivism risk. The district court pointed out that Mackety "could find no expert at the time of sentencing that would opine as to his potential for reform and rehabilitation." According to the presentence report, Mackety was scheduled for a psychological examination, but the expert returned Mackety's documentation and check, determining that "there would be no benefit to the defendant to conduct an evaluation." The district court stated at the resentencing hearing that "the only fair inference from that is that this psychologist was not in a position to anticipate any reasonable help in presenting mitigation evidence for the defendant, and that plays directly, in the Court's view, into recidivist risk." In denying his motion for a sentence reduction, the district court also noted that Mackety "just barely received credit for acceptance of responsibility based on the difficulty he had in recognizing his wrongful pattern of conduct." At both the original sentencing and the resentencing, the district court expressed concern about Mackety's attempts to minimize his role and cast responsibility on the victim. It was not an abuse of discretion for the district court to discount Mackety's PATTERN score in light of the overall sentencing record. *See United States v. Bass*, 843 F. App'x 733, 737 (6th Cir. 2021) (order) (faulting the district court for "fail[ing] to address the limitations of [defendant's] PATTERN score in light of his conduct that fell outside its quantifications").

The district court concluded that reducing Mackety's "sentence now would undermine the deterrent, public protection and just punishment factors of Section 3553." *See* 18 U.S.C. § 3553(a)(2)(A)-(C). In a sentence-reduction proceeding, as at sentencing, the district court "is best situated to balance the § 3553(a) factors." *Jones*, 980 F.3d at 1114 (quoting *United States v. Kincaid*, 802 F. App'x 187, 189 (6th Cir. 2020)). Mackety has failed to demonstrate that the district court abused its discretion in balancing those factors here.

For these reasons, we **AFFIRM** the district court's order denying Mackety's motion for a sentence reduction.