In the

# United States Court of Appeals

## For the Seventh Circuit

No. 09-1111

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

FLOYD DEBERRY,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Indiana, Hammond Division.
No. 2:08-CR-107—**Philip P. Simon**, *Judge*.

ARGUED JULY 7, 2009—DECIDED AUGUST 11, 2009

Before POSNER, KANNE, and SYKES, *Circuit Judges*.

POSNER, *Circuit Judge*. The defendant pleaded guilty to being a felon in possession of a gun and was sentenced to 57 months in prison. The only ground of his appeal is that the government should have filed a motion under section 3E1.1(b) of the federal sentencing guidelines, which would have entitled him to a further sentencing discount for acceptance of responsibility.

Section 3E1.1 provides that "(a) If the defendant clearly demonstrates acceptance of responsibility for his

offense, decrease the offense level by 2 levels. (b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and *upon motion of the government* stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying the authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by 1 additional level" (emphasis added).

The defendant argues, and for purposes of our decision we shall assume, that he satisfied all the requirements of subsection (b) except that the government refused to file a motion. The ground of its refusal was the defendant's refusal to agree to waive his right to appeal his conviction or sentence. He argues that if the premise of such a motion is established—that is, if "the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying the authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently"—the government must file the motion.

The defendant's argument misunderstands the guideline. Subsection (a) confers an entitlement on the defendant: if he satisfies the criteria in the subsection, he is entitled to a two-level reduction in his offense level. That

does not necessarily mean that he'll get a lighter sentence, because the judge does not have to give a sentence within the applicable guidelines range. But the judge has to calculate that range and start his sentencing analysis from there. *Nelson v. United States*, 129 S. Ct. 890 (2009) (per curiam); *United States v. Mendoza*, 510 F.3d 749, 754 (7th Cir. 2007). Subsection (b) confers an entitlement *on the government*: if it wants to give the defendant additional credit for acceptance of responsibility, perhaps to induce additional cooperation, and can satisfy the criteria in the subsection, it can file a motion and the defendant *will* get the additional one-level reduction in his offense level, though again this may not determine his actual sentence.

Until subsection (b) was amended in 2003 to specify that the relief granted must be in response to a motion by the government, the defendant was entitled, just as subsection (a) entitles defendants, to relief if the criteria were met. *United States v. Townsend*, 73 F.3d 747, 755-56 (7th Cir. 1996). The amendment turned subsection (b) into a license for prosecutorial discretion. A duty was converted to a power. Just as the government can decide to reduce the charges against a defendant because of his cooperation, it can decide to give him a break in the calculation of his guideline sentencing range if his acceptance of responsibility saves prosecutorial resources. *United States v. Beatty*, 538 F.3d 8, 14-17 (1st Cir. 2008), and cases cited there.

It has almost the same latitude in deciding whether to give a defendant that break (and similar breaks under

other sentencing provisions, see U.S.S.G. § 5K1.1; Fed. R. Crim P. 35(b); 18 U.S.C. § 3553(e)) as it does in deciding whether to charge him in the first place, or what to charge him with. *United States v. Kelly*, 336 F.3d 897, 902 (7th Cir. 2003); *United States v. Mulero-Algarin*, 535 F.3d 34, 38-39 (1st Cir 2008); *United States v. Sloley*, 464 F.3d 355, 360 (2d Cir. 2006). It may not base a refusal to file a motion under section 3E1.1(b) on an invidious ground, or (and here is where the government's discretion is less extensive than it is with regard to charging decisions) on a ground unrelated to a legitimate governmental objective. *Wade v. United States*, 504 U.S. 181, 185-86 (1992); *United States v. Richardson*, 558 F.3d 680, 682 (7th Cir. 2009); see also *United States v. Mulero-Algarin*, *supra*, 535 F.3d at 38-39; *In re United States*, 503 F.3d 638, 641 (7th Cir. 2007); *United States v. Butler*, 272 F.3d 683, 687 (4th Cir. 2001); compare *United States v. Moore*, 543 F.3d 891, 899-900 (7th Cir. 2008); *United States v. Smith*, 502 F.3d 680, 690-91 (7th Cir. 2007).

Of course, with the guidelines now advisory rather than mandatory, the refusal of the government to file such a limitation is not the end of the line for the defendant. Having broad discretion to deviate from the guidelines in sentencing a defendant, the judge can if he wants ignore the absence of a motion and use the criteria in subsection (b), or any other criteria consistent with the statutory sentencing factors in 18 U.S.C. § 3553(a), to lower the defendant's sentence. But he must ignore the absence of the motion if the failure to file it was unreasonable.

There was nothing unreasonable about the government's deciding not to file the motion in this case, however. It wanted an appeal waiver in order to avoid the expense and uncertainty of having to defend the defendant's conviction and sentence on appeal. That was a legitimate desire, closely related to the express criteria in subsection (b). And the government was proposing to compensate the defendant for giving up his appeal right by moving for the additional sentencing credit. *United States v. Richardson, supra*, 558 F.3d at 682; *United States v. Newson*, 515 F.3d 374, 378 (5th Cir. 2008); *United States v. Espinoza-Cano*, 456 F.3d 1126, 1138 (9th Cir. 2006).

And since Deberry had no appellate issues, waiving appeal in exchange for an additional one-level reduction in his offense level would have been a good deal for him. The only argument he makes on appeal concerns that additional reduction, which he could have had for free in the district court. His failure to raise any other issue on appeal shows that accepting the deal offered by the government would have cost him nothing.

AFFIRMED.