**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 8, 2009
Decided December 9, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD D. CUDAHY, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 08-3667

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 07-30106-001 |
| JEROME M. WILSON, *Defendant-Appellant*. | Jeanne E. Scott, *Judge*. |

**O R D E R**

Jerome M. Wilson, a felon, moved to suppress a gun and drugs that were found in his possession during a traffic stop. When that failed, he pleaded guilty to firearm possession, and to possession with intent to distribute marijuana. *See* 18 U.S.C. § 922(g)(1); 21 U.S.C. § 841(a)(1). He was sentenced to 112 months' imprisonment for the gun count, to be served concurrently with 60 months' imprisonment for the drug count. Wilson filed a notice of appeal, but his appointed counsel moves to withdraw because he does not believe there are any nonfrivolous issues to raise. *See Anders v. California*, 386 U.S. 738 (1967). Wilson did not accept our invitation to respond to his lawyer's submission, *see* CIR. R. 51(b), so we limit our review to the potential issues identified in counsel's facially sufficient supporting brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

In September 2007 Sergeant Craig Rios stopped Wilson for speeding. According to

Rios's testimony at the suppression hearing, he smelled burnt marijuana when he approached Wilson's car. Wilson gave Rios his driver's license, which Rios used to perform a routine background check that revealed prior convictions for drug possession and disarming a police officer. Rios called for a drug dog, which was promptly brought in. After the dog detected the likely presence of illegal drugs, officers searched Wilson and in his shoe found about 20 grams of marijuana and some plastic bags of the kind often used by drug dealers. Another officer testified to finding an already-smoked "blunt" in the passenger console. A full search of the car revealed a handgun, ammunition, and more than 800 grams of marijuana.

At the suppression hearing, Wilson conceded the validity of the traffic stop but insisted that there was neither a "blunt" nor a marijuana smell, and that the police therefore violated the Fourth Amendment by detaining him while they waited for the dog. The district court credited the officers' testimony and denied the suppression motion, explaining that the marijuana smell provided Sergeant Rios with probable cause to search the vehicle for drugs. Wilson subsequently entered a conditional guilty plea that preserved the suppression issue.

At sentencing the district court grouped the charges and calculated a total offense level of 26, which took into account both an upward adjustment for obstruction of justice and a downward adjustment for acceptance of responsibility. *See* U.S.S.G. §§ 3C1.1, 3D1.2(c), 3E1.1(b). The court's calculation relied upon the adjusted offense level for the firearm charge, which was higher (26) than the one for the drug charge (10). *See* U.S.S.G. § 3D1.3(a). Wilson's criminal history category was V, yielding a guidelines range of 110-137 months. The district court selected 112 months, explaining that Wilson's need for deterrence warranted a sentence slightly above the bottom of his guidelines range.

Counsel first considers whether Wilson could challenge the court's decision not to grant his suppression motion, either by attacking Rios's credibility or by contesting the existence of probable cause. But neither counsel nor we can identify anything in the transcripts that would lead us to disturb the district court's credibility determination. *See United States v. Stewart*, 536 F.3d 714, 720 (7th Cir. 2008). And as counsel observes, a burnt marijuana smell would provide sufficient probable cause for an immediate search. *See United States v. Cherry*, 436 F.3d 769, 772 (7th Cir. 2006) (collecting cases). Although Rios therefore could have searched the car right away, there was nothing unreasonable about detaining Wilson until the dog could confirm or dispel his suspicion. *See United States v. Martin*, 422 F.3d 597, 602 (7th Cir. 2005).

Next, counsel observes that Wilson does not wish to withdraw his conditional guilty plea, and thus rightly omits any discussion of the plea's validity. *See United States v. Knox*, 287 F.3d 667 (7th Cir. 2002).

Counsel then discusses whether Wilson might challenge five separate rulings that the district court made regarding his sentence. First, counsel asks whether Wilson could challenge the two-level adjustment for obstruction of justice, which he received for perjury. The court found that Wilson's testimony was "knowingly false" and given in order "to mislead the Court," and so it determined that Wilson's false testimony was both material to the suppression motion and willful. Counsel therefore properly concludes that the district court's findings encompass the factual predicates for a perjury charge, and that we would thus uphold the adjustment for obstruction of justice. *See United States v. Savage*, 505 F.3d 754, 763 (7th Cir. 2007).

Second, counsel explores a potential argument that the district court engaged in "double counting" when it accounted for the firearm possession by increasing the adjusted offense level for the marijuana charge by two. *See* U.S.S.G. § 2D1.1(b)(1). But counsel properly recognizes that no double counting took place. The district court grouped the marijuana and gun charges and then correctly used the offense level for the gun charge because it was the higher of the two. *See* U.S.S.G. § 3D1.3(a); *United States v. Spano,* 476 F.3d 476, 478 (7th Cir. 2007). That made the adjusted offense level for the marijuana charge irrelevant.

Third, counsel considers Wilson's contention that he deserved an additional reduction in offense level for assisting the authorities under § 3E1.1(b). But as counsel concludes, this argument would be frivolous because the government did not exercise its discretion to file a motion seeking the decrease. *See United States v. DeBerry*, 576 F.3d 708, 710 (7th Cir. 2009).

Fourth, counsel considers whether Wilson could argue that the district court miscalculated his criminal history by accounting for a prior marijuana conviction that Wilson believed was expunged. Under § 4A1.2(j), expunged convictions based on innocence or procedural irregularity are not counted in the criminal history calculation. *See Wilson v. United States*, 413 F.3d 685, 688 (7th Cir. 2005). But because Wilson did not show that this conviction had at all been expunged, we agree with counsel that this argument would be frivolous.

Fifth, counsel considers whether Wilson could challenge the two-level increase under § 2K2.1(b)(4) for possession of a stolen gun because he didn't know the gun was stolen. But counsel properly recognizes that this would be frivolous because any lack of knowledge on

Wilson's part would not foreclose application of the guideline. *See* § 2K2.1 cmt. n.8(B); *United States v. Statham*, 581 F.3d 548, 553 (7th Cir. 2009); *United States v. Schnell*, 982 F.2d 216, 217 (7th Cir. 1992).

Finally, counsel considers generally whether Wilson could argue that his sentence was procedurally flawed or otherwise unreasonable. But as counsel recognizes, the district court calculated the range correctly, acknowledged the advisory nature of the guidelines, considered the sentencing factors listed in 18 U.S.C. § 3553(a), and adequately explained its reasoning. *See Gall v. United States*, 552 U.S. 38 (2007); *United States v. Turner*, 569 F.3d 637, 640 (7th Cir. 2009). And because Wilson's sentence lies within the correctly-calculated guidelines range, we would presume it reasonable. *See Rita v. United States*, 551 U.S. 338 (2007).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS Wilson's appeal.