NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 24, 2010
Decided March 25, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 09-1651

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| v. | No. 07 CR 60-1 |
| RUBEN GALARZA, *Defendant-Appellant.* | Wayne R. Andersen, *Judge.* |

**O R D E R**

Ruben Galarza pleaded guilty to his role in a cocaine distribution conspiracy that moved 300 kilograms of cocaine every two weeks, 21 U.S.C. §§ 846, 841(a)(1), and was sentenced to 151 months' imprisonment. Galarza filed a notice of appeal, but his appointed lawyer has asked to withdraw because he has determined that any appeal would be frivolous. *See Anders v. California*, 386 U.S. 738 (1967). We invited Galarza to respond to counsel's submission, *see* CIR. R. 51(b), but he did not. We limit our review to the issues considered in counsel's facially sufficient supporting brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel tells us that Galarza does not want his guilty plea vacated, and so he properly omits any discussion of the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002).

Counsel first considers whether Galarza might challenge the district court's calculation of his recommended guidelines range. But any such challenge would be frivolous. The district court correctly calculated Galarza's final offense level to be 34 (accounting for reductions for acceptance of responsibility and the "safety valve") and his criminal history category to be I, resulting in a recommended imprisonment range of 151 to 188 months.

Counsel next considers whether Galarza might renew his argument that he should have received a three-level reduction for acceptance-of-responsibility (rather than two) because he pleaded guilty before trial. Noting that his plea on the eve of trial made that reduction unlikely, the district court correctly recognized that the further reduction would be appropriate only if the government had asked for it, and here it had not. *See United States v. Deberry*, 576 F.3d 708, 710 (7th Cir. 2009), *petition for cert. filed*, (Oct. 30, 2009) (No. 09-7351). Any such challenge would therefore be frivolous.

Finally counsel considers whether Galarza might challenge the reasonableness of his sentence. The court sentenced him to the bottom of the suggested range, and a sentence within a properly calculated range is presumed reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Cano-Rodriguez*, 552 F.3d 637, 639 (7th Cir. 2009). Moreover, at sentencing the court considered Galarza's argument that he should be sentenced similarly to his coconspirator who received a sentence of 47 months' imprisonment. Although the court expressed sympathy with that argument, it concluded that a sentence at the low end of the guidelines was more appropriate because Galarza's crime involved a "staggering" amount of drugs whose impact would be felt both in terms of gangland murders and kids becoming addicted. The district court weighed the appropriate factors under 18 U.S.C. § 3553(a), emphasizing that although a shorter sentence might have provided adequate deterrence, *see* 18 U.S.C. § 3553(a)(2)(B), the guidelines sentence would more adequately reflect the seriousness of the crime and promote respect for the law, *id.* § 3553(a)(2)(A). Because the court meaningfully considered the § 3553(a) factors, any argument challenging Galarza's sentence would be frivolous. *See, e.g., United States v. Panaigua-Verdugo*, 537 F.3d 722, 727 (7th Cir. 2008).

Accordingly, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.