NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 28, 2012
Decided March 28, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 11-2569

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee,*<br><br>*v.*<br><br>ADOLFO NAVARRETE-LEYVA,<br>*Defendant-Appellant.* | Appeal from the United States District<br>Court for the Northern District of Illinois,<br>Eastern Division.<br><br>No. 10 CR 288-1<br><br>Amy J. St. Eve,<br>*Judge*. |

**O R D E R**

Adolfo Navarrete-Leyva, a Mexican citizen, pleaded guilty to being present in the United States unlawfully after having been removed, *see* 8 U.S.C. § 1326(a). The district court sentenced him to 51 months' imprisonment, the bottom of his guidelines range. He filed a notice of appeal, but his appointed lawyer believes that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Navarrete-Leyva has responded to counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues raised in counsel's facially adequate brief and Navarrete-Leyva's Rule 51(b) response. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel advises that Navarrete-Leyva does not wish to challenge his guilty plea, and thus the lawyer appropriately omits discussion about the adequacy of the plea colloquy and the voluntariness of the guilty plea. *See United States v. Knox,* 287 F.3d 667, 670–72 (7th Cir. 2002).

Navarrete-Leyva first asks whether he could challenge the district court's guidelines calculations. Even though he did not object to the court's adoption of a 51 to 63 month range based on an offense level of 22 and category III criminal history, Navarrete-Leyva now argues that the court should have decreased his offense level by three rather than two under U.S.S.G. § 3E1.1 because he timely accepted responsibility. But this argument would be frivolous because the government did not exercise its discretion to file a motion seeking the decrease—a necessary precondition, *id*. § 3E1.1(b); *United States v. Deberry,* 576 F.3d 708, 710 (7th Cir. 2009).

Counsel and Navarrete-Leyva both consider whether he might challenge the reasonableness of his sentence, but neither has identified any reason to disturb the presumption of reasonableness applicable to Navarrete-Leyva's within-guidelines sentence. *See Rita v. United States,* 551 U.S. 338, 350–51 (2007); *United States v. Moreno-Padilla*, 602 F.3d 802, 810 (7th Cir. 2010). The district court adequately discussed the relevant sentencing factors under 18 U.S.C. § 3553(a), noting that Navarrete-Leyva had twice returned unlawfully after being removed and was likely to do so again. The court considered the arguments offered in mitigation by Navarrete-Leyva, including the absence of a "fast-track" program in his district, his assimilation into American culture, and his fear of retribution by drug cartels back home, but emphasized that these factors were outweighed by his "serious" criminal past and the need to deter him from returning to the United States and repeating his crimes. We would not conclude that the court abused its discretion in making that assessment.

To the extent that Navarrete-Leyva asserts that counsel was ineffective throughout the proceedings in the district court, a claim of ineffective assistance is best saved for collateral review, where a complete record can be developed. *See Massaro v. United States,* 538 U.S. 500, 504–05 (2003); *United States v. Persfull,* 660 F.3d 286, 299 (7th Cir. 2011).

We GRANT counsel's motion to withdraw and DISMISS the appeal.