In the

# United States Court of Appeals

### For the Seventh Circuit

No. 12-3552

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

TRISTAN DAVIS,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Indiana, Hammond Division.
No. 2:11cr182-001—**James T. Moody**, *Judge*.

SUBMITTED MARCH 15, 2013—DECIDED APRIL 9, 2013

Before EASTERBROOK, *Chief Judge*, and MANION and ROVNER, *Circuit Judges*.

PER CURIAM. Tristan Davis repeatedly gave false addresses when purchasing guns, six of which were later recovered from persons who could not lawfully possess them. Davis contends that the guns were stolen from him. He pleaded guilty to two counts of lying to gun dealers. 18 U.S.C. §§ 922(a)(6), 924(a)(1)(A). Other charges were dismissed as part of a plea bargain.

Davis was sentenced to 18 months' imprisonment. His offense level, and perhaps the sentence too, would have been lower had the district judge given him a three-level reduction for accepting responsibility by pleading guilty. It deducted only two levels, because the prosecutor declined to move for the subtraction of a third level under U.S.S.G. §3E1.1(b). The prosecutor wanted Davis to waive his right to appeal, and his refusal to do that led the prosecutor to withhold the motion. Davis contends that a motion from the prosecutor is mandatory whenever the defendant pleads guilty early enough to spare the prosecutor the burden of trial preparation, but he acknowledges that we rejected that contention in *United States v. Deberry*, 576 F.3d 708 (7th Cir. 2009), which holds that §3E1.1(b) confers an entitlement *on the prosecutor*, not on the defendant. In this respect §3E1.1(b) functions like the prosecutor's entitlement to move for a below-minimum sentence. See U.S.S.G. §5K1.1. The prosecutor may withhold such a motion for any reason that does not violate the Constitution. *Wade v. United States*, 504 U.S. 181 (1992). *Deberry* concluded that §3E1.1(b) should be understood the same way, with the same limit.

Two courts of appeals have sided with Davis's contention that a court may direct the prosecutor to file a motion under §3E1.1(b) even if the prosecutor's reason for withholding that motion does not violate the Constitution. *United States v. Lee*, 653 F.3d 170, 174–75 (2d Cir. 2011); *United States v. Divens*, 650 F.3d 343, 346–47 (4th Cir. 2011). Four courts of appeals have reached the same conclusion as *Deberry*. *United States v. Collins*,

683 F.3d 697 (6th Cir. 2012); *United States v. Johnson*, 581 F.3d 994, 1003 (9th Cir. 2009); *United States v. Beatty*, 538 F.3d 8, 16–17 (1st Cir. 2008); *United States v. Newson*, 515 F.3d 374, 378–79 (5th Cir. 2008). This circuit could not eliminate the conflict by changing sides, so *stare decisis* supports standing pat. Resolution of this conflict is the province of the Supreme Court or the Sentencing Commission. See *Buchmeier v. United States*, 581 F.3d 561, 566 (7th Cir. 2009) (en banc).

AFFIRMED

ROVNER, *Circuit Judge*, concurring. As the court correctly observes, and as Davis himself recognizes, the outcome of this appeal is controlled by our decision in *United States v. Deberry*, 576 F.3d 708 (7th Cir. 2009). I accept and respect *Deberry* as the law of this circuit. I write separately, however, to explain why I do not believe that section 3E1.1(b) of the Guidelines permits the government to insist that a defendant waive his appellate rights before it will ask the court to grant him an additional one-level decrease in his offense level for acceptance of responsibility.

For a defendant who waives his right to a trial and pleads guilty, the right to an appeal remains important

primarily as a means to address any errors that may occur at his sentencing. (I am setting aside the much smaller set of cases in which a defendant may have a legitimate ground on which to challenge the validity of his guilty plea.) Obviously, a defendant and his counsel cannot know whether such a sentencing error has occurred until he is actually sentenced. Yet, we as appellate judges know that such errors occur with regularity. Sentencing judges must apply a relatively complex set of guidelines to the unique facts surrounding a defendant's criminal conduct and history; and following that, they must independently determine, in light of broader statutory criteria, *see* 18 U.S.C. § 3553(a), what they believe to be a reasonable sentence. In doing so, judges may misapprehend the evidence, look to the wrong guideline, misconstrue the relevant guideline, incorrectly apply the guideline to the facts, fail to honor a defendant's procedural rights in some way, fail to recognize the extent of their discretion, or impose a sentence that is substantively unreasonable. We routinely vacate sentences and remand for resentencing to correct these and other kinds of sentencing errors. These errors are rarely, if ever, attributable to the defendant; the responsibility typically lies with the court, sometimes with the knowing or unknowing complicity of the attorneys. Correction of such errors serves both the defendant's right to due process and a public interest in fair and accurate sentencing. In sum, reserving the defendant's right to raise sentencing errors on appeal has absolutely nothing to do with his acceptance of responsibility for his crime.

And, conversely, insisting that he waive his right to appeal before he may receive the maximum credit under the Guidelines for accepting responsibility serves none of the interests identified in section 3E1.1.

When section 3E1.1(b) was amended by section 401(g) of the Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today Act of 2003, P.L. 108-21, 117 Stat. 650, 671-72 (Apr. 30, 2003) (the "PROTECT Act"), the authority to assess a defendant's qualification for the extra reduction in his offense level for acceptance of responsibility was transferred from the sentencing judge to the government. And what previously had been a mandatory reduction, provided the defendant met the criteria for it, became a reduction dependent on the government's unilateral decision to request it of the court. *Deberry*, 576 F.3d at 710. In *Deberry*, we likened the breadth of the government's discretion in deciding whether to solicit the reduction to its wide latitude in requesting a sentence reduction based on a defendant's substantial assistance in the investigation or prosecution of another person, *see* 18 U.S.C. § 3553(e); Fed. R. Crim. P. 35(b); U.S.S.G. § 5K1.1, and in deciding whether and how to charge the defendant in the first instance. 576 F.3d at 710-11.

Yet, the government's discretion with respect to the extra reduction for acceptance of responsibility is not unlimited. As we acknowledged in *Deberry*, the government may not refuse to recommend the reduction for an invidious reason or for a reason "unrelated to a legitimate governmental objective." 576 F.3d at 711. Those

were the sole limitations that the Supreme Court's decision in *Wade v. United States*, 504 U.S. 181, 185-86, 112 S. Ct. 1840, 1843-44 (1992), imposed on the government's power to request a sentence reduction for the defendant's substantial assistance pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1. Relying on the nearly unbridled discretion that the *Wade* standard reserved to the government, we concluded that it was permissible for the government to condition its assent to extra credit for acceptance of responsibility on the defendant's agreement to waive his appellate rights. 576 F.3d at 711. We reasoned that an appeal waiver would spare the government the need to defend the defendant's conviction and sentence on appeal; and the government's wish to avoid the cost and uncertainty associated with an appeal "was a legitimate desire, closely related to the express criteria in subsection (b)" of the guideline. *Id.*

But, given the language of section 3E1.1., I believe the limitations on the government's discretion are greater than we recognized in *Deberry*. Although the PROTECT Act made the government the arbiter of whether a defendant ought to receive the extra reduction for acceptance of responsibility, *see* 576 F.3d at 710, the straightforward terms of both the guideline and the accompanying commentary specify the criteria that control the government's assessment. Subsection (b) of the guideline describes the motion that must be filed by the government soliciting the reduction as one "stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by *timely notifying authorities of his intention to enter a plea of guilty, thereby*

*permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently.*" (Emphasis mine.) The plain focus of this language is on the defendant's timely notification that he intends to plead guilty, an act which spares both the government and the court the need to prepare for trial. Application Note 6 reinforces the point when it observes:

> . . . In general, the conduct qualifying for a decrease in offense level under subsection (b) will occur particularly early in the case. For example, to qualify under subsection (b), the defendant must have notified authorities of his intention to enter a plea of guilty at a sufficiently early point in the process *so that the government may avoid preparing for trial and the court may schedule its calendar efficiently.*
>
> Because the [g]overnment is in the best position to determine whether the defendant has assisted authorities *in a manner that avoids preparing for trial*, an adjustment under subsection (b) may only be granted upon a formal motion by the [g]overnment at the time of sentencing.

§ 3B1.1, comment. (n.6.) (emphasis mine) (citation omitted). The background commentary adds that a defendant who has met the criteria set forth in subsection (b) "has accepted responsibility in a way that ensures the certainty of his just punishment in a timely manner, thereby appropriately *meriting* an additional reduction." (Emphasis mine.)

Section 3E1.1(b) is thus explicit about what conduct warrants the favorable exercise of the government's discretion. In that respect, as the Fourth Circuit pointed out in *United States v. Divens*, 650 F.3d 343, 345-46 (4th Cir. 2011), section 3E1.1(b) stands in contrast to section 5K1.1, which supplies no meaningful standard by which the government is to determine whether the defendant has provided substantial assistance in the investigation or prosecution of another person. *See* also 18 U.S.C. § 3553(e). It was in the absence of such a standard that the Supreme Court concluded in *Wade* that the government's wide discretion is bounded solely by its obligation not to engage in invidious discrimination or rely on a rationale that is unrelated to a legitimate government objective. 504 U.S. at 185-86, 112 S. Ct. at 1843-44. Section 3E1.1., by citing both the conduct (the timely announcement of the defendants' intent to plead guilty) and corresponding benefit (relieving the government of the need to prepare for trial and clearing the court's calendar) which will "merit[ ]" an additional reduction in the offense level, places more significant limits on the government's authority. The government "retains discretion to determine *whether* the defendant's assistance has relieved it of preparing for trial." *Divens*, 650 F.3d at 346 (emphasis in original); *see also* Alexa Chu Clinton, Comment, *Taming the Hydra: Prosecutorial Discretion Under the Acceptance of Responsibility Provision of the U.S. Sentencing Guidelines*, 79 U. Chi. L. Rev. 1467, 1499-1510 (2012) (discussing what interests related to the conservation of trial resources might appropriately be con-

sidered in exercise of government's discretion under section 3E1.1(b)). But once it has answered that question in the affirmative, it is obliged to move for the additional reduction; it may not require more of the defendant than the guideline itself does, including in particular a waiver of the defendant's right to appeal. *See id.* at 348-50; *see also United States v. Lee*, 653 F.3d 170, 173-75 (2d Cir. 2011) (government may not withhold motion based on defendant's challenge to presentence report, which necessitate evidentiary hearing).

Section 3E1.1 says nothing about a defendant's willingness to waive his right to an appeal nor the interests that such a waiver serves. Certainly the government may have legitimate reasons to want such a waiver: as *Deberry* recognizes, the waiver spares the government the burden and uncertainty of defending the judgment on appeal, 576 F.3d at 711; the waiver also has the salutary effect of clearing our own appeals calendar. But these are interests which are both unmentioned by the guideline and its commentary and which are meaningfully distinct from the interests that are mentioned. The guideline and commentary do not speak to the universe of acts that might ease the government's (or the judiciary's) burden or which promote the efficient resolution of criminal cases. To state the obvious, the guideline is aimed at the defendant's acceptance of responsibility for his offense, not the streamlining of prosecutorial and judicial dockets.

It is true, as other courts have pointed out, that the guideline does mention the efficient allocation of re-

sources. *See United States v. Collins*, 683 F.3d 697, 706 (6th Cir.), *cert. denied*, 133 S. Ct. 571 (2012); *United States v. Johnson*, 581 F.3d 994, 1006 (9th Cir. 2009). But it does so in a specific context, describing a defendant who is eligible for the extra reduction as one who, as a result of giving timely notice of his intent to plead guilty, relieves the government of the burden of trial prepara-tion and permits both the government and the court to allocate their resources efficiently. The provision as written is clearly focused on the efficiencies gained by not having to prepare for trial. *See id.* at 1008-11 (M.D. Smith, J., concurring in part & dissenting in part); Laura Waters, Note, *A Power and a Duty: Prosecutorial Discretion and Obligation in United States Sentencing Guideline § 3E1.1(b)*, 34 Cardozo L. Rev. 813, 829 (2012). Those efficiencies are dependent on the timeliness of a defen-dant's declaration of his intent to plead guilty; other efficiencies, including those resulting from a defendant's willingness to forego his right to appellate review, are not so time-dependent.

In short, the guideline and commentary focus explicitly and exclusively on avoiding the need to prepare for trial (and clearing the district court's trial calendar). No proceeding or event that might occur later is mentioned or even hinted at.

The guideline's silence as to the two principal events that take place after the defendant's guilt is determined—sentencing and appeal—is both understandable and logical. A defendant knows what crimes he has or has not committed and thus is entirely able, without a trial,

to accept responsibility for his criminal behavior by pleading guilty. But the responsibility to determine what sentence should be imposed on the defendant for his crime belongs to the judge and the judge alone. *See Lee*, 653 F.3d at 174. A defendant typically does not know in advance what the sentence will be, nor can he know whether the court will commit some error in the sentencing process until the sentencing has taken place. Only then can he know whether there is a ground for appeal. (Again, I am setting aside potential challenges to the plea.) He can of course waive his right to challenge on appeal the reasonableness of the sentence and any sentencing errors the court may have made, but that waiver has nothing whatsoever to do with acceptance of responsibility for his own conduct. A defendant has a right to be sentenced accurately and fairly. Nothing in section 3E1.1 requires the defendant to accept responsibility for the court's errors as well as his own.

Where, as here, the government has declined to move for a section 3E1.1(b) reduction solely because the defendant has not executed an appeals waiver, it has abused its limited discretion under the guideline. In such an instance the court can, and indeed must, grant the defendant the extra reduction in his offense level notwithstanding the absence of a motion from the government. *See Deberry*, 576 F.3d at 711 (where government has withheld motion on illegitimate ground, the court "must ignore the absence of the motion"). I recognize that, given the substantial sentencing discretion district courts enjoy now that *United States v. Booker*, 543 U.S. 220, 125

S. Ct. 738 (2005), has rendered the Guidelines advisory, a sentencing judge may effectively grant a defendant more credit for his acceptance of responsibility than the government has chosen to do. *See Deberry*, 576 F.3d at 711. Nonetheless, a defendant has a right to the correct application of the Guidelines in the first instance, *see Gall v. United States*, 552 U.S. 38, 49, 50 n.6, 128 S. Ct. 586, 596 & n.6 (2007); *United States v. Glosser*, 623 F.3d 413, 418 (7th Cir. 2010); *United States v. Nelson*, 491 F.3d 344, 347 (7th Cir. 2007); *see also* Waters, 34 Cardozo L. Rev. at 840-41, and in my view, that includes a right to an additional one-level reduction in his offense level when he has satisfied the criteria set forth in section 3E1.1(b). *See* Tziporah Schwartz Tapp, Recent Development, *Refusing to Compare Apples and Oranges: Why the Fourth Circuit Got It Right in* United States v. Divens, 90 N. C. L. Rev. 1267, 1273 & nn. 43-44 (2012) (noting that, in practice, extra one-level reduction in offense level pursuant to section 3E1.1(b) raises reduction in sentence for acceptance of responsibility from 20 to 28 percent) (citing Ricardo J. Bascuas, *The American Inquisition: Sentencing After the Federal Guidelines*, 45 Wake Forest L. Rev. 1, 42-43 (2010)).

I would add, finally, that in view of the division of the circuits on this question, and the regularity with which the government seeks appeal waivers, this is a subject that would genuinely benefit from the further guidance of the Sentencing Commission.