**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 24, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SEUD BLADEMIR TURCIOS-
ARRAZOLA, a/k/a Jose Francisco Torcio,

Defendant - Appellant.

No. 12-1375
(D.C. No. 1:12-CR-00111-JLK-1)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY**, and **O'BRIEN**, Circuit Judges.

---

Seud Blademir Turcios-Arrazola appeals from a 30-month sentence entered

following a plea of guilty to one count of illegally reentering the United States after an

aggravated felony conviction. He contends his sentence was procedurally unreasonable

because the district judge incorrectly determined the applicable sentence under the U.S.

Sentencing Guidelines. In particular, he argues the judge erred in applying only a two-

---

[*] This order and judgment is an unpublished decision, not binding precedent. 10th
Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1.
It is appropriate as it relates to law of the case, issue preclusion and claim preclusion.
Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A).
Citation to an order and judgment must be accompanied by an appropriate parenthetical
notation – (unpublished). *Id.*

level reduction for acceptance of responsibility even though he met the criteria for a third level of reduction under USSG §3E1.1(b).[1]  We affirm.

As the parties are well acquainted with the facts, we omit a detailed recitation of them and proceed to review Turcios-Arrazola's sentence to "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range . . . ."  *Gall v. United States*, 552 U.S. 38, 51 (2007); *see* 18 U.S.C. § 3553(a)(4)(A)(i); *United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006).  Our review includes a de novo analysis of the trial court's legal determinations, including its interpretations of the United States Sentencing Guidelines.  *Kristl*, 437 F.3d at 1054.

Under USSG §3E1.1(a), "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense," the offense level is decreased by two.   Under §3E1.1(b), a defendant can obtain a third level of reduction, but only if he qualifies under §3E1.1(a), his offense level is at least 16, and the government files a motion showing "the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently."

Here, although the judge granted the two-level reduction under USSG §3E1.1(a), he concluded Turcios-Arrazola was insufficiently contrite to merit the third level of reduction available under §3E1.1(b) despite the government's motion to grant the

---

[1]  Turcios-Arrazola was sentenced pursuant to the 2011 edition of the United States Sentencing Commission Guidelines Manual.  All citations to the Guidelines in this decision refer to the 2011 edition.

reduction. Nevertheless, he calculated a 30- to 37-month Guidelines sentence incorporating a full three-level reduction and then announced his intention to impose a sentence outside the Guidelines (a variance). Applying the sentencing factors in 18 U.S.C. § 3553(a), he imposed a 30-month sentence.

Later, however, the judge entered a written judgment seemingly at odds with his explanation at the sentencing hearing. The judgment indicated the sentencing range applicable under the Guidelines was 33 to 41 months. That would be consistent with a two level reduction and a denial of the third level of reduction.

We assume, for purposes of argument, Turcios-Arrazola is correct that the district court had no discretion to deny the government's motion for the third level of reduction once a two level reduction was awarded. *See United States v. Deberry*, 576 F.3d 708, 710 (7th Cir. 2009) (explaining §3E1.1(b) "confers an entitlement *on the government*: if it wants to give the defendant additional credit for acceptance of responsibility, . . . it can file a motion and the defendant *will* get the additional one-level reduction"). Even so, the judge announced the correct 30- to 37-month Guidelines range at the sentencing hearing before imposing a sentence based not on the Guidelines, but on the 18 U.S.C. § 3553(a) factors.

Any subsequent error in the written judgment was harmless because the correct Guidelines sentence was used as a benchmark during sentencing. *See United States v. Conlan*, 500 F.3d 1167, 1170 (10th Cir. 2007) (concluding procedural errors in the sentencing process are harmless if the government shows the error "did not affect the court's selection of the sentence imposed").[2]

---

[2] A contemporaneous oral explanation of the sentence is a mandatory part of the sentencing process. *See* 18 U.S.C. § 3553(c) ("The court, at the time of sentencing, shall

Similarly, even if the applicable sentence under the Guidelines was improperly calculated, the procedural defect was harmless. The judge was plainly disinclined to be more lenient. He was troubled by Turcios-Arrazola's disregard of the law and his lack of contrition. Moreover, as the United States points out, because the judge found Turcios-Arrazola's contrition to be inadequate, he could have properly refused the two-level downward adjustment for acceptance of responsibility in §3E1.1(a). In that case, the proper sentence under the Guidelines would have been longer than the one actually used; any error in the application of §3E1.1 was harmless because it worked in Turcios-Arrazola's favor. *See Conlan*, 500 F.3d at 1170.

We AFFIRM Turcios-Arrazola's 30-month sentence. However, we REMAND the case to enable the district court to correct the statement of reasons in the written judgment to reflect the 30- to 37-month range calculated at sentencing.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

---

state in open court the reasons for its imposition of the particular sentence."). The written judgment, by contrast, is intended "to help clarify an ambiguous oral sentence." *United States v. Villano*, 816 F.2d 1448, 1451 (10th Cir. 1987) (en banc). Here, as the sentence and the judge's supporting explanation are unambiguous, we need not attempt to reconcile them with the district court's written judgment. *See id.* at 1450 (concluding the "orally pronounced sentence controls over a judgment"). To the extent our unpublished opinion in *United States v. Wittig*, 206 F. App'x 763, 769 (10th Cir. 2006) suggested otherwise, it is not a binding precedent. *See* 10th Cir. R. 32.1(A); *accord United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005).