**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 7, 2018
Decided December 12, 2018

***Before***

MICHAEL S. KANNE, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 17-2409

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     *Plaintiff-Appellee,* <br><br>     *v.* <br><br> KIT C. KLEHM, <br>     *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 14 CR 00708-1 <br><br> Edmond E. Chang, <br> *Judge.* |

**O R D E R**

Kit Klehm pleaded guilty to wire fraud, *see* 18 U.S.C. § 1343, and was sentenced to 57 months' imprisonment and 3 years' supervised release. He filed a notice of appeal, but his appointed attorney contends that the appeal is frivolous and has moved to withdraw under *Anders v. California*, 368 U.S. 738 (1967). Klehm opposes counsel's motion. *See* Cir. R. 51(b). Counsel's brief outlines the nature of the case and addresses the potential issues that one might expect an appeal like this to involve. Because

counsel's brief appears thorough, we limit our review to the topics she discusses, along with the issues Klehm raises in response. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel reports that Klehm does not wish to withdraw his guilty plea. Therefore, she appropriately does not consider challenging the voluntariness of the plea or the adequacy of the plea colloquy. *See* FED. R. CRIM. P. 11; *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel begins by assessing, and correctly dismissing as frivolous, whether Klehm could challenge his sentence. First, counsel examines the criminal statute. Under 18 U.S.C. § 1343, imprisonment of up to 20 years, and supervised release of up to 3 years is authorized. Klehm's 57-month prison term and 3-year period of supervised release fall at or within the statutory limits for his crime. Therefore, no statutory argument is feasible.

Counsel next examines the calculation of the Sentencing Guidelines range and concludes that the district court correctly calculated the range of 57 to 71 months, based on Klehm's total offense level of 25 and criminal history category of I. She considers three possible attacks. First, she asks whether the district court erred in imposing a 2-level upward adjustment for using "sophisticated means" during the commission of the crime, *see* U.S.S.G. § 2B1.1(b)(10), but we agree with counsel that this argument would be pointless. The enhancement is appropriate "when the conduct shows a greater level of planning or concealment than the typical fraud of its kind." *United States v. DeMarco*, 784 F.3d 388, 397 (7th Cir. 2015) (citing *United States v. Knox*, 624 F.3d 865, 871 (7th Cir. 2010)). Examples include the use of fictitious entities or offshore financial accounts. § 2B1.1, app. n. 9(B). Klehm falsified many documents, used fake names and email addresses, and directed the victim to wire money to fictitious corporate accounts overseas. That is exactly the type of conduct that warrants an enhancement. *See United States v. Sheneman*, 682 F.3d 623, 632 (7th Cir. 2012) (applying enhancement when defendants falsified loan documents); *United States v. Allan*, 513 F.3d 712, 716 (7th Cir. 2008) (applying enhancement for using phony emails and fabricated documents).

Second, counsel properly decides against arguing that the district court erred by applying a 2-level upward adjustment for obstructing justice. *See* U.S.S.G. § 3C1.1. The enhancement applies when the defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the

investigation, prosecution, or sentencing of the instant offense" or a "closely related offense." *Id*. The district court found that Klehm committed more fraud while on bond and submitted a "false and misleading" affidavit to persuade the court of the transaction's legitimacy. The district court did not expressly state that the new conduct was a "closely related offense," but both the new and original offenses have striking similarities: In his new scheme, Klehm falsely claimed that he had contacts with overseas manufacturers. He then fabricated fraudulent agreements with the manufacturers to induce the victim to wire funds to cover the manufacturing costs. Klehm and his associates later used those funds for personal expenses. Based on the record, we agree with counsel that the proposed argument would be pointless.

Third and relatedly, counsel discusses whether the district court erred in denying the downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1 but correctly concludes that such a challenge would be hopeless. In considering the facts underlying the obstruction-of-justice enhancement, the district court found that those same facts weighed against finding that Klehm had accepted responsibility. *See United States v. Warren*, 454 F.3d 752, 763 (7th Cir. 2006). Only in extraordinary cases does a defendant with an obstruction enhancement receive a downward adjustment for acceptance of responsibility. *United States v. Davis*, 442 F.3d 1003, 1009–10 (7th Cir. 2006). Klehm believes that his guilty plea, entered before he committed the additional fraud, is an extraordinary circumstance. But the timing of a guilty plea alone does not make a case extraordinary. *United States v. Bennett*, 708 F.3d 879, 893 (7th Cir. 2013). Klehm further argues that, based on his "substantial assistance" to the government's investigations of other, unrelated cases, he accepted responsibility. But judges have "broad discretion" in weighing the statutory sentencing factors in 18 U.S.C. § 3553(a) as well as the criteria in U.S.S.G. § 3E1.1(b) to assess whether the defendant accepted responsibility. *See United States v. Deberry*, 576 F.3d 708, 711 (7th Cir. 2009). We see no reason to question the judge's discretion here. He recognized that Klehm pleaded guilty and cooperated with the government in unrelated cases but weighed those facts against the government's evidence that Klehm committed an additional crime while on bond.

With the Guidelines calculation to the side, counsel observes that Klehm also could challenge the substantive reasonableness of his sentence but correctly adds that this argument too would be futile. Because the sentence is within the Guidelines range, we may presume that it is reasonable, *see Rita v. United States*, 551 U.S. 338, 347 (2007), and do, *see United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2015). And we see nothing in this record to rebut that presumption. While weighing the relevant factors under 18 U.S.C. § 3553(a), the district judge noted that Klehm told "many, many lies"

over a "substantial period of time" and caused tremendous damage to his victim, a small business owner. The judge further considered Klehm's mitigating circumstances—his mental health and substance abuse. The district court thus adequately reviewed and weighed all of the relevant information.

Counsel also rightly declines to challenge the term of supervised release as inadequately explained. This argument would be pointless because a district court has discretion to order an appropriate term of release without providing an explanation for it separate from the explanation given for the term of imprisonment. *See United States v. Bloch*, 825 F.3d 862, 869 (7th Cir. 2016). The judge here provided sufficient reasons for the prison term, and those reasons also justify the supervised-release term.

Finally, counsel considers whether the court abused its discretion by ordering that Klehm pay interest on the restitution. An argument on these grounds would be frivolous, however, because interest is mandatory for restitution that exceeds $2,500 if not repaid within 15 days of the judgment. 18 U.S.C. § 3612(f)(1); *see United States v. Goode*, 342 F.3d 741, 744 (7th Cir. 2003). And Klehm was ordered to pay $568,144.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.